**Elizabeth M. PAROLINE,
Plaintiff–Appellant,**

v.

**UNISYS CORPORATION; Edgar L.
Moore, Defendants–Appellees.**

No. 88–1319.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 4, 1989.

Decided March 30, 1990.

Bruce Allan Frederickson, Webster & Frederickson, Washington, D.C. (Susan L. Brackshaw, Webster & Frederickson, Washington, D.C., Victor M. Glasberg, Alexandria, Va., on brief), for plaintiff-appellant.

Thomas R. Bagby, Epstein, Becker & Green, P.C., Washington, D.C. (Ronald M. Green, Epstein, Becker & Green, P.C., Washington, D.C., Donald G. Kaas, Unisys Corp., Blue Bell, Pa., on brief), for defendants-appellees.

Before ERVIN, Chief Judge, and RUSSELL, WIDENER, HALL, PHILLIPS, MURNAGHAN, CHAPMAN, WILKINSON, and WILKINS, Circuit Judges, sitting en banc.

PER CURIAM:

On January 21, 1988, appellant Elizabeth M. Paroline filed suit against appellee Unisys Corporation and its employee Edgar L. Moore, charging them with sexual harassment in the workplace and constructive dis-

charge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* In addition, she brought pendent state law claims against both defendants for intentional infliction of emotional distress, as well as a claim against Moore for assault and battery and a claim against Unisys for negligent failure to warn and reckless endangerment. The district court granted summary judgment for defendants on all claims except the one for assault and battery, which was voluntarily dismissed.

On appeal, a panel of this court reversed the district court in large part. *Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir.1989). The panel ruled that summary judgment was inappropriate on the Title VII claims because genuine issues of material fact existed concerning whether Moore was an "employer" within the meaning of the statute, whether Moore's harassment was sufficiently severe or pervasive to create a hostile work environment, and whether Paroline's work conditions were so intolerable as to make her resignation a constructive discharge. On the state law claims, the panel held that the district court erred in granting summary judgment against Paroline on her claims against Unisys for negligent failure to warn and reckless endangerment, and remanded those claims for clarification. Finally, the panel affirmed the grant of summary judgment on the intentional infliction of emotional distress ground.

■ We now vacate that portion of the panel's decision concerning constructive discharge, discussed in section IV of the panel's opinion, 879 F.2d at 108–10, and affirm the district court's grant of summary judgment on that point in favor of Unisys. We do so for reasons set forth in the dissent from the panel opinion, 879 F.2d at 113–15 (Wilkinson, J.).

Because Unisys took issue only with the panel's holding in section IV on constructive discharge, the remainder of Judge Murnaghan's opinion for the panel continues in effect.

The judgment is affirmed in part and reversed in part, and the case is remanded for further proceedings in accordance with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

MURNAGHAN, Circuit Judge, dissenting:

For the reasons set forth in the opinion I authored for the panel majority, I dissent.

I am authorized to state that Chief Judge ERVIN, Judge HALL, and Judge PHILLIPS join in this dissent.