928 F.2d 399
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Vickie L. BOWES, Plaintiff-Appellant,
v.
The AMERICAN TOBACCO COMPANY, Defendant--Appellee.
 No. 89-2673.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 16, 1990.
Decided March 11, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-88-229-R)
 Vickie L. Bowes, appellant pro se.
 D. Eugene Webb, Jr., Mays & Valentine, Richmond, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, WILKINSON and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Vickie L. Bowes brought this action against her former employer, American Tobacco Co., alleging that she was subjected to a hostile work environment and was terminated from her job as a clerk/typist in the graphic arts department in violation of Title VII. Bowes claimed that her former supervisor, Arthur Klevenz, gave her poor performance evaluations, treated her badly, and eventually fired her because of her gender.
 
 
 2
 The case was tried before a district judge. At trial, Bowes and two other women who worked under Klevenz during Bowes's tenure testified that Klevenz treated the women in the office differently than he treated the men.[1] Bowes's attorney specifically stated at trial that Bowes was alleging both harassment creating a hostile work environment and discriminatory discharge. The district court held for the defendants. It found that, while Klevenz was a difficult person to work for, and though Klevenz showed some gender-based hostility toward women, Bowes's termination was caused by her deteriorating work performance. The district court did not make any specific findings regarding Bowes's allegation of a hostile work environment. Bowes appealed.
 
 
 3
 The district court's findings of fact in a bench trial may not be set aside unless they are clearly erroneous. Fed.R.Civ.P. 52(a). Whether Bowes was dismissed because of her gender is a finding of fact. Pullman-Standard v. Swint, 456 U.S. 273, 285-90 (1982); Moore v. City of Charlotte, 754 F.2d 1100, 1104 (4th Cir.), cert. denied, 472 U.S. 1021 (1985). The district court's finding that Bowes was not discharged because of her gender may only be overturned if this Court is of a "definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 4
 In order to show that she was discharged because of her gender, a plaintiff has to show that her employer actually relied, at least in part, on her gender when it decided to terminate her. Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). If the plaintiff shows such reliance, the employer must show that even without reliance on the plaintiff's gender, the employer would have terminated her. 490 U.S. 228. After hearing the testimony of Bowes, Klevenz, and others who worked at American Tobacco, the district court concluded that Bowes was fired because of the deterioration of her performance rather than because of the animus which Klevenz bore towards women.
 
 
 5
 The district court's findings regarding Bowes's termination were not clearly erroneous. While Klevenz was hostile to women he worked with, Bowes's performance of her job was deficient in a number of respects. She questioned Klevenz's directions regarding how and when her duties were to be completed; she failed to take correct or complete telephone messages; and her work was not of the quality required by Klevenz or Klevenz's supervisor. Therefore, the district court's judgment in favor of American Tobacco regarding Bowes's termination is affirmed.
 
 
 6
 The court did not, however, make any findings regarding Bowes's claim that she was subjected to a hostile work environment. See Meritor Savings Bank v. Vinson, 477 U.S. 57, 66 (1986). Such a claim exists independent of a discriminatory discharge claim. Paroline v. Unisys Corp., 900 F.2d 27 (4th Cir.1990) (en banc), adopting in part the panel's decision in Paroline v. Unisys Corp., 879 F.2d 100 (4th Cir.1989); Rabidue v. Osceola Refining Co., 805 F.2d 611 (6th Cir.1986); Henson v. City of Dundee, 682 F.2d 897 (11th Cir.1982) (although properly discharged plaintiff may not, on a hostile work environment claim, obtain injunctive relief to restrain offensive practice, or recover damages for mental suffering on emotional distress, she may be entitled to nominal damages and thereby become eligible for award of attorney fees).
 
 
 7
 In order to show a hostile work environment, a plaintiff must show (1) that the conduct was unwelcome; (2) that the harassment was based upon the plaintiff's sex; and (3) that the harassment was severe enough to create an abusive work environment. Swentek v. USAIR, 830 F.2d 552, 557 (4th Cir.1987). The evidence presented at trial, along with the district court's findings of fact relating to the discharge claim, shows that Bowes did not welcome Klevenz's actions towards her. Further, the district court specifically found that Klevenz had exhibited gender-based animus. Therefore, Bowes proved the first two elements of the hostile work environment test.
 
 
 8
 The third element of the test, however, is more difficult to establish. For example, the Sixth Circuit has held that a coworker's use of profanity and demeaning comments about women in general and the plaintiff in particular, and an office environment where the male employees displayed pictures of nude women, did not constitute a hostile work environment. Rabidue, 805 F.2d 611, 620-22.
 
 
 9
 This Court has held that a plaintiff established that she was the victim of a hostile work environment when the "workplace was pervaded with sexual slur, insult, and innuendo, ... [and] extremely vulgar and offensive sexually related epithets addressed to and about [the plaintiff] by supervisory personnel as well as by other [workers]." Katz v. Dole, 709 F.2d 251, 254 (4th Cir.1983). The plaintiff's coworkers frequently propositioned her, and one supervisor suggested that she submit to the advances of a coworker. 709 F.2d at 254.
 
 
 10
 The actions of Klevenz, while certainly offensive, did not rise to the level of abuse required to establish a hostile work environment claim. The district court found that, while Klevenz's actions were motivated in part by his gender-based animus, he was a "generally tyrannical supervisor," and his work relationship with Bowes was "destined to deteriorate," not because of his view of women, but because of the harsh performance standards he set for all of his employees. Therefore, Bowes could not prevail on a hostile work environment claim.
 
 
 11
 The district court's order granting judgment in favor of American Tobacco is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 AFFIRMED
 
 
 [1]
 There were approximately 12 people working in the office during Bowes's employment at American Tobacco; of these employees, approximately half were women