946 F.2d 885
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda LEPORE, Plaintiff-Appellant,
v.
Kurt RAMSEY, Donald Alexander, Westinghouse Electric
Corporation, Defendants-Appellees.
Linda LEPORE, Plaintiff-Appellee,
v.
Donald ALEXANDER, Westinghouse Electric Corporation,
Defendants-Appellants,
and
Kurt Ramsey, Defendant.
Linda LEPORE, Plaintiff-Appellee,
v.
Kurt RAMSEY, Defendant-Appellant,
and
Donald Alexander, Westinghouse Electric Corporation, Defendants.
 Nos. 90-1469, 90-1471.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1991.
Decided Oct. 7, 1991.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CA-89-2037-JH)
 Argued: Andre R. Weitzman, Baltimore, Md., for appellant.
 Leonard Edwin Cohen, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for appellees Westinghouse and Alexander, Robert Gabriel Cassilly, Irwin, Kerr, Green, McDonald & Dexter, Baltimore, Md., for appellee Ramsey.
 On Brief: Patrick A. O'Doherty, Baltimore, Md., for appellant.
 Frances E. Kanterman, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for appellees Westinghouse and Alexander, Charles M. Kerr, Irwin, Kerr, Green, McDonald & Dexter, Baltimore, Md., for appellee Ramsey.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS and MURNAGHAN, Circuit Judges.
 OPINION
 PHILLIPS, Circuit Judge:
 
 
 1
 Linda LePore appeals the district court's dismissal of her removed state-law claims for intentional infliction of emotional distress, defamation and false light invasion of privacy against Westinghouse Corporation (Westinghouse), Donald Alexander, and Kurt Ramsey (hereinafter collectively the defendants). The defendants cross-appeal the district court's remand of LePore's public disclosure of private facts claim to state court.[1] Because we agree with the district court's disposition of LePore's claims, and find its remand order unreviewable, we affirm.
 
 
 2
 * At the relevant times, LePore was employed by Westinghouse as a secretary in its Antenna Design Section. She was a member of the Salaried Employees Association union (SEA), which had a collective bargaining agreement with Westinghouse. Ramsey was one of her coworkers; Alexander was her supervisor. This action was based upon LePore's claims that Ramsey and Alexander had engaged in various acts of workplace sexual harassment and other tortious conduct for which they and Westinghouse as their employer were jointly and severally liable to her.
 
 
 3
 The action was brought in the Circuit Court for Baltimore County. LePore's complaint had three counts: for intentional infliction of emotional distress (count I), for defamation (count II), and for invasion of privacy (count III). Westinghouse petitioned for removal to federal court on the ground that LePore's claims were preempted by § 301 of the Labor Management Relations Act (LMRA). In federal court, the defendants moved for summary judgment on the basis that as federal claims by preemption, all LePore's claims were barred by LePore's failure timely to grieve them under the collective bargaining agreement. LePore, challenging the claim of preemption, moved for remand of all her claims to state court.
 
 
 4
 LePore's claim of intentional infliction of emotional distress against Ramsey was based on allegations that he sent her two sexually explicit letters, gave her erotic books, squeezed her arms so tightly that he caused bruises, tousled her hair, and made "crude sexual remarks." Her emotional distress claim against Alexander was based on allegations that he questioned her about personal topics including her love life, made inappropriate comments about how she dressed, called her names such as "lovey" and "gorgeous" and told her that he was a leg man. Her claim against Westinghouse based on this conduct of Ramsey and Alexander alleged that Westinghouse failed to follow its published sexual harassment policy in allowing the sexual harassment by Ramsey and Alexander to continue.
 
 
 5
 The district court held that § 301 preempted LePore's intentional infliction of emotional distress claims against Alexander and Westinghouse. Although the court found that LePore's intentional infliction claim against Ramsey was not preempted, it granted judgment to Ramsey on the ground that LePore had failed to state a claim against him.
 
 
 6
 LePore's claims of defamation and invasion of privacy involved a memorandum, "Talking Points," prepared by Alexander and read to Antenna Design Section employees to explain why LePore had been transferred from that section. LePore's complaint alleged that the "Talking Points" memorandum implied that she had filed false complaints against management and that she was sexually promiscuous. She also alleged that the memorandum invaded her privacy by displaying private information about her in a false light and by publicly revealing the private fact that she had complained of sexual harassment. She claimed that Alexander was liable for preparing the memo, Ramsey for reading it to his staff, and that Westinghouse was vicariously liable for the actions of its management personnel in publishing the memorandum.
 
 
 7
 The district court held the defamation claims against all three defendants preempted by § 301. As to the invasion of privacy claims, the court analyzed them as invoking two theories: (1) false light invasion of privacy and (2) public disclosure of private facts. The court held that § 301 preempted the false light claims to the extent they charged the defendants with using the memorandum to accuse LePore of making false complaints against them, but did not preempt them to the extent they charged the defendants with implying in the memorandum that she was sexually promiscuous. Having held that the sexually promiscuous aspect of the claims was not preempted, the court however dismissed that part of the claim on the merits for failure to state a claim.
 
 
 8
 As to the public disclosure of private facts theory, the district court found no part of it preempted by § 301, but dismissed that part of it related to suggestions of sexual promiscuity for failure to state a claim. The court remanded the other part of that claim, that the defendants had unreasonably publicized her private complaints against the defendants to state court. The court opined that as to that aspect of the claims, it had "no ground for asserting federal jurisdiction."
 
 
 9
 This appeal and cross-appeal followed--in a considerable state of confusion. LePore challenges the district court's adverse preemption rulings and the dismissal on the merits of her intentional infliction of emotional distress claim against Ramsey. Ramsey cross-appeals the lower court's ruling that § 301 did not preempt LePore's emotional distress claim against him. All three defendants cross-appeal the district court's holding that § 301 did not preempt LePore's public disclosure of private facts claim and the court's remand of a part of that claim to state court.
 
 II
 
 10
 We first address LePore's and Ramsey's cross-challenges to the court's preemption rulings adverse to them.
 
 
 11
 Since this appeal was submitted, this court, sitting en banc, has held that § 301 preempted an employee's state law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, conversion, and negligence in the care of a bailment. McCormick v. AT & T Technologies, Inc., 934 F.2d 531 (4th Cir.1991) (en banc). Under our reasoning in McCormick, LePore's intentional infliction of emotional distress claim against Alexander and Westinghouse, and her defamation and false light invasion of privacy[2] claims against all three defendants are preempted by § 301.[3] Under the McCormick reasoning, it would be necessary in assessing the fault of all of these defendants under these tort claims to interpret the provisions of the collective bargaining agreement that defined their duties to LePore allegedly violated, or that gave rise to defenses to those claims. On that basis, on the authority of McCormick, all these claims were properly held preempted, and hence subject to dismissal for failure to follow grievance procedures under the collective bargaining agreement.
 
 
 12
 The district court found that LePore's intentional infliction of emotional distress claim against Ramsey was not preempted. The court reasoned that since Ramsey was LePore's co-worker, his alleged actions were not sanctioned or prohibited by the collective bargaining agreement.[4] However, the court dismissed the claim as it applied to Ramsey because LePore had failed to state a claim under Maryland law. See Childers v. Chesapeake & Potomac Tel. Co., 881 F.2d 1259, 1260 (4th Cir.1989) (holding that "federal court has jurisdiction in a removed § 301 action to address the merits of alleged state-law claims in the course of determining its own jurisdiction, and [may] dismiss meritless state-law claims").
 
 
 13
 We agree with this disposition. Under Maryland law, the elements of an intentional infliction of emotional distress claim are as follows: (1) intentional or reckless conduct by the defendant; (2) extreme and outrageous conduct by the defendant; (3) a causal connection between the wrongful conduct of the defendant and the emotional distress of the plaintiff; and (4) severe emotional distress. Harris v. Jones, 380 A.2d 611, 614 (1977). The defendant's conduct must be " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " Id. at 614 (quoting Restatement (Second) of Torts, § 46 comment d).
 
 
 14
 Here, we agree with the district court that Ramsey's alleged conduct does not rise to that level. In Paroline v. Unisys Corporation, 879 F.2d 100 (4th Cir.1989), vacated in part on other grounds, 900 F.2d 27 (4th Cir.1990) (en banc), we considered an intentional infliction of emotional distress claim under Virginia law. Relying upon the same comment from the Restatement of Torts, we concluded that Paroline's allegations that the defendant there had made sexually suggestive remarks, rubbed his hands on her back and refused to stop, kissed her, and tried to hold her hand, did not state a claim for intentional infliction of emotional distress. Id. at 112-13. Ramsey's alleged conduct is generally comparable. Though comparably reprehensible, we conclude, following our analysis in Paroline, that it is not sufficiently extreme and outrageous to constitute intentional infliction of emotional distress under applicable state tort law. Accordingly, we affirm the district court's dismissal of LePore's intentional infliction of emotional distress claim against Ramsey for failure to state a claim under state law.
 
 III
 
 15
 The final issue is whether the defendants can appeal the district court's remand of LePore's private disclosure of public facts claim. The district court based its remand order on 28 U.S.C. § 1447(c), which provides in relevant part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, ..." Here, the district court specifically cited § 1447(c), and stated that "[t]here is no ground for asserting federal jurisdiction over this remaining claim. 28 U.S.C. § 1447(c)." LePore v. Ramsey, Civil No. JH-89-2037 (April 3, 1990) slip op. at 11. Despite its statement to the contrary, the district court clearly had pendent jurisdiction over the claim it remanded. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 16
 The Supreme Court has held that § 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not." Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 343 (1976). Later, the Court elaborated on this by rejecting an argument that a district court's remand order was reviewable if the court's invocation of § 1447(c) was erroneous on its face:
 
 
 17
 Applicant's position would mean that any allegedly erroneous application of § 1447(c) would be reviewable by writ of mandamus, leaving the § 1447(d) bar extant only in the case of allegedly proper applications of § 1447(c), a reading too Pickwickian to be accepted, and contrary to the language of Thermtron.
 
 
 18
 Volvo Corp. of America v. Schwarzer, 429 U.S. 1331, 1333 (1976). We therefore find the district court's remand of LePore's public disclosure of private facts claim unreviewable, and accordingly we deny the defendants' cross-appeal and parallel petition for a writ of mandamus.[5]
 
 IV
 
 19
 In sum, we affirm the district court's dismissal of LePore's intentional infliction of emotional distress, defamation, and false light invasion of privacy claims. We find that the district court's remand of LePore's public disclosure of private facts claim is unreviewable. Accordingly, the judgment of the district court is affirmed.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 The defendants also filed a petition for a writ of mandamus challenging the district court's remand order
 
 
 [2]
 The defendants contend that LePore has not properly appealed the district court's dismissal of her false light invasion of privacy claim. In LePore's opening brief, she only specifically mentions Counts I and II (intentional infliction and defamation) in both her statement of issues and her request for relief. In the body of her opening brief, however, LePore does argue that her false light claim was not preempted. Appellant's Br. at 24-26. In addition, LePore's notice of appeal states that she is appealing the district court's judgment on Counts I and II and part of Count III. J.A. at 95. We therefore conclude that LePore's false light claim is properly before this Court in regard to LePore's argument that the claim should not be preempted. We note that the defendants appear to be correct about LePore's appeal of Count III as it applies to alleged implications of LePore's sexual promiscuity. LePore does not argue that the district court erred by dismissing her false light and public disclosure of private facts claims to the extent that they were based on the "Talking Points" memorandum's alleged implications that LePore was sexually promiscuous. Thus, we need not address that issue on appeal
 
 
 [3]
 Because LePore had not alleged that she had exhausted her administrative remedies provided for in the collective bargaining agreement, any state claim preempted by § 301 was thereupon subject to dismissal for that failure. See Del Costello v. Teamsters, 462 U.S. 151, 163 (1983). LePore does not dispute this finding
 
 
 [4]
 On appeal, LePore continues to describe Ramsey as a supervisor (although not her direct supervisor) whose actions were within the scope of his employment. This argument does not help her case, however, because if this is taken as true, her intentional infliction of emotional distress claim is preempted as it applies to Ramsey as well, because her employment relationship with Ramsey would be governed by the collective bargaining agreement. Because we conclude that even if LePore's intentional infliction of emotional distress claim against Ramsey is not preempted, she has failed to state a claim, we need not determine whether Ramsey was a supervisor or a co-worker
 LePore's defamation and false light invasion of privacy claims against Ramsey are distinguishable because those claims against all three defendants involve the same allegedly prohibited conduct--an unprivileged publication of false information. Because under McCormick 's reasoning we would need to interpret the collective bargaining agreement to determine the defendants' fault, LePore's defamation and false light invasion of privacy claims against Westinghouse, Alexander, and Ramsey are preempted by § 301. It makes no difference in the defamation and invasion of privacy contexts that Ramsey was not LePore's supervisor or employer.
 
 
 [5]
 Relatedly, we deny the defendants' motions to stay the remand order, which were held in abeyance pending decision on the merits