Deborah Lynn TROUTT, Plaintiff,

v.

CHARCOAL STEAK HOUSE, INC. and
John G. Peroulas, Defendants.

Civ. A. No. 92–869–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Oct. 28, 1993.

Terry Neill Grimes, King, Fulghum, Snead, Nixon and Grimes, P.C., Roanoke, VA, for plaintiff.

Dennis P. Brumberg, Margaret K. Garber, Gordon Hoffman Shapiro, Lutins & Shapiro, Roanoke, VA, for defendants.

## MEMORANDUM OPINION

WILSON, District Judge.

Deborah Lynn Troutt brings this action for sexual harassment and assault and battery against her former employer, Charcoal Steak House, Inc. ("Charcoal Steak House"), and her former supervisor, John G. Peroulas. The sexual harassment claim is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e–17 ("Title VII"), and supplemental jurisdiction is asserted over the assault and battery claim. The court previously found the assault and battery claim against the Charcoal Steak

House barred by the Virginia Worker's Compensation Act, Va. Code § 65.2–100 through 1310. The court also found that the 1991 Amendments to Title VII could not be applied retroactively and that Troutt, therefore, was not entitled to a jury trial or to punitive damages under Title VII. The court decided, however, that Troutt was entitled to a jury trial on the state law claim and could be awarded punitive damages on that claim. A jury heard her assault and battery claim, and the court considered that evidence simultaneously in relation to her Title VII claim. The jury determined that Peroulas sexually assaulted and battered Troutt and awarded Troutt $25,000 in compensatory and $50,000 in punitive damages. The compensatory award consisted of $15,000 for Troutt's financial losses and $10,000 for her shame, humiliation and embarrassment. The matter is now before the court for the court's findings as to Troutt's Title VII claim and on Peroulas' motion to set aside the jury's punitive award as excessive. The court finds that the jury's punitive award is not excessive and further that Troutt was constructively discharged in violation of Title VII. The recitation that follows will serve as the court's findings of fact.

## I.

■ Troutt began working as a waitress at the Charcoal Steak House in Roanoke, Virginia, in March of 1989, at age 20.[1] After Troutt's first month of employment Peroulas began to make sexually suggestive remarks to her. Several months into Troutt's employment, Peroulas' remarks became more suggestive and even vulgar. Troutt clearly rejected Peroulas' sexual overtures. Peroulas' conduct, nevertheless, escalated into physical contact. On the first occasion Peroulas placed his hands around Troutt's waist and kissed her on the neck. She pulled away and told him to stop. Despite her protestations similar harassment continued intermittently until she quit work on November 5, 1991. According to Troutt, Peroulas would touch her "every chance he could get when no one was around." According to Troutt:

---

1. At all pertinent times Charcoal Steak House     had 15 or more employees.

[Peroulas] would walk by me and grab me on my butt or, you know, walk by me and just put his hands on me and just keep walking like he never did anything.

On at least one occasion Peroulas reached underneath Troutt's skirt and put his hand on her crotch. She pushed him away and became extremely upset. On another occasion he placed his hand on her breast.

Troutt attempted to find work elsewhere but could not find a full-time job that paid as much. Peroulas' conduct caused Troutt extreme emotional distress, sleeplessness, and depression. On November 5, 1991 she decided she had enough and quit her job.[2] She filed a timely charge of discrimination with the Equal Employment Opportunity Commission, received a right to sue letter, and timely filed this action.

## II.

■ Peroulas maintains that the punitive damage award should be set aside because the jury disregarded the court's instructions. At trial, the court instructed the jury that due to the statute of limitations Troutt could not recover for a sexual battery occurring before November 13, 1989.[3] According to Peroulas, there was only one possible sexual battery within the statute of limitations. Peroulas reasons: "[t]his means the jury awarded Troutt $50,000 in punitive damages for one act. Such award is incredible, and can only mean the jury ignored the court's instructions and considered it in its damage award acts which allegedly occurred outside the statute of limitations." The court disagrees with that reasoning.

2. Although Troutt testified that Peroulas did not touch her during the last month of her employment other sexually harassing conduct continued.

3. The court actually used the term "sexual assault" not sexual battery in its instruction. The jury was asked through special interrogatories "if Troutt had proven by a preponderance of the evidence that defendant, John Peroulas, sexually assaulted her." The jury was then instructed that to establish a sexual assault Troutt was required to prove the following elements by a preponderance of evidence:

■ Although Peroulas correctly asserts that the jury was instructed that Troutt could recover only for a sexual battery occurring within the statute of limitations, he incorrectly asserts that the jury could not consider any incident before November 13, 1989. Any act of sexual battery is outrageous but it is especially so when it is considered part of a continuing course of conduct. Thus, although the jury could make an award only if it believed that a sexual battery occurred within the statute of limitations, in assessing punitive damages it was perfectly proper for the jury to consider that the act within the statute of limitations was not an isolated occurrence. "Under well-settled law, [the existence and frequency of similar past conduct is] typically considered in assessing punitive damages." *TXO Production Corp. v. Alliance Resources Corp.*, — U.S. —, — n. 28, 113 S.Ct. 2711, 2722 n. 28, 125 L.Ed.2d 366 (1993).

## III.

■ Peroulas also suggests that the punitive award is constitutionally deficient. According to Peroulas, even though the Supreme Court has recently determined that the Constitution does not require "an approach that concentrates entirely on the relationship between actual and punitive damages," *TXO Production*, — U.S. at —, 113 S.Ct. at 2721, reasonableness nevertheless enters into the "constitutional calculus." *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 18, 111 S.Ct. 1032, 1043, 113 L.Ed.2d 1 (1991). The court does not disagree with that recitation of the law. The court does disagree, however, with its application in this

1. That defendant intentionally touched the plaintiff's intimate parts or clothing covering such intimate parts;
. 2. That the touching was committed with intent to sexually molest, or to arouse, or gratify either plaintiff or defendant;
3. That the touching was accompanied by threat or intimidation; and
4. That the touching was against the plaintiff's will.

The jury was then instructed that Troutt could not recover for any sexual assault occurring before November 13, 1989, two years before this suit was filed, but that the jury could consider those alleged earlier sexual assaults insofar as they might bear on defendant's intent.

case. The jury awarded Troutt $25,000 in compensatory damages. In light of that compensatory award and the facts of the case, the $50,000 punitive award was well within "the constitutional calculus."

### IV.

■ A hostile work environment claim under Title VII requires plaintiff to prove:

(1) That the conduct in question was unwelcome, (2) That the harassment was based on sex, (3) That the harassment was sufficiently pervasive or severe to create an abusive working environment, and (4) That some basis exists for imputing liability to the employer.

*Paroline v. Unisys Corp.,* 879 F.2d 100, 105 (4th Cir.1989), *vacated in part,* 900 F.2d 27 (4th Cir.1990) (en banc). Troutt's evidence was more than sufficient to prove a hostile work environment. Accordingly, the court finds that Peroulas and Charcoal Steak House violated Title VII.

### V.

■ According to Peroulas, Troutt is not entitled to recover back pay under Title VII because she could not prove that she was constructively discharged. To establish a constructive discharge claim Troutt was required to prove "deliberateness of the employer's action, and intolerability of the working conditions." *Bristow v. Daily Press, Inc.,* 770 F.2d 1251, 1255 (4th Cir.1985), *cert. denied,* 475 U.S. 1082, 106 S.Ct. 1461, 89 L.Ed.2d 718 (1986). *See also Paroline,* 879 F.2d at 113 (Wilkinson, J., dissenting), *vacated in part on reh'g,* 900 F.2d 27 (4th Cir. 1990) (en banc) (adopting panel dissent's reasoning on constructive discharge issue). Peroulas argues that Troutt failed to establish the second element "because the law does not permit an employee's subjective perceptions to govern a claim of constructive discharge." He argues that if working conditions were so intolerable Troutt would not have remained and that, in fact, she took another job but still later returned to Char-

coal Steak House, conclusively demonstrating that conditions were not intolerable. The court again disagrees.[4]

First, the court does not find that this case involves an overly sensitive employee reacting to inconsequential conduct in the workplace. Rather, the court finds the harassment objectively unreasonable. Second, the fact that Troutt, a young woman with financial problems, tolerated the conduct longer than someone else might proves only that she needed the job badly. She should not have been forced to make that Hobson's choice in the first place. And third, Peroulas misconstrues the evidence. Troutt attempted to find other work that would pay as well. She reduced her work at Charcoal Steak House to part-time work in order to phase into part-time work at another restaurant. Her work at the other restaurant paid less, and for that reason she gave it up. The fact that she gave up a lesser paying part-time job in order to make more money at Charcoal Steak House is immaterial. In short, the court is satisfied from all of the evidence that Troutt eventually terminated her employment with Charcoal Steak House because of Peroulas' deliberately outrageous conduct. Troutt, therefore, is entitled to recover back pay under Title VII.

### VI.

For the reasons stated, judgment will be entered against Peroulas for $75,000 on Troutt's assault and battery claim. In addition, Troutt will be awarded $15,000 in back pay against Peroulas and Charcoal Steak House jointly and severally on Troutt's Title VII claim. Because the jury's award also includes back pay, however, her total recovery under the order of judgment will be limited to $75,000. The court is satisfied that the jury's verdict was sufficiently prophylactic such that injunctive relief is unnecessary.

An appropriate order will issue.

---

4. Apparently Peroulas has abandoned an argument he made earlier concerning deliberateness. In any event, an employer "must necessarily be held to intend the reasonably foreseeable consequences of its actions," *Hukkanen v. International Union,* 3 F.3d 281, 284 (8th Cir.1993), and under the circumstances, Troutt's resignation was reasonably foreseeable.

## FINAL ORDER

In accordance with the court's Memorandum Opinion entered on this date it is ORDERED and ADJUDGED that judgment be and the same, hereby, is entered against John G. Peroulas in the amount of $75,000—$60,000 to be recovered from John G. Peroulas and $15,000 to be recovered from John G. Peroulas and Charcoal Steak House, Inc. jointly and severally.

ENTER this 28th day of October, 1993.