UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FAYE H. EASLEY,
Plaintiff-Appellant,

v.

MARK STEGALL, individually and in
his capacity as Executive Director

No. 95-1700

of Goodwill Industries of Danville
Area, Incorporated; GOODWILL
INDUSTRIES OF DANVILLE AREA,
INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Chief District Judge.
(CA-93-39-D)

Argued: December 7, 1995

Decided: January 30, 1996

Before WIDENER and WILKINS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Barbara Rubin Hudson, Danville, Virginia, for Appellant.
Todd Albin Leeson, WOODS, ROGERS & HAZLEGROVE, P.L.C.,
Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Faye H. Easley appeals a decision of the district court granting summary judgment in favor of her former employer, Goodwill Industries of Danville Area, Incorporated (Goodwill), and her supervisor at Goodwill, Mark Stegall, on claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.A. § 12101, et seq. (West 1995). She maintains that the evidence presented was sufficient to raise a genuine issue of material fact concerning whether she was constructively discharged and whether Goodwill failed to offer her reasonable accommodation as required by the ADA. She also asserts that the district court erred in granting summary judgment in favor of Stegall on her claim of harassment. We affirm.

I.

Easley is afflicted with spina bifida and she requires special accommodation for walking, lifting, and climbing. In 1989, she began working for Goodwill as a bookkeeper and soon became Goodwill's comptroller. This position required Easley to maintain financial and payroll records. Stegall was the Executive Director of Goodwill and Easley's supervisor.

Prior to September 1991, Easley began leaving Goodwill in the afternoons approximately five to ten minutes before the regularly scheduled end of the workday. During that month, Goodwill implemented a policy under which senior staff members like Easley alternated in completing the duties associated with closing Goodwill's daily operations. These responsibilities--some of which involved walking--included answering the telephone, taking donations, and ensuring that the doors were locked and the lights were turned off. Easley chose not to participate in the closing duties, and her failure to assist in these tasks, as well as a perception that she was absent

2

from the office an inordinate amount of time when Stegall was not there, led to resentment on the part of her co-workers.

Subsequently, Stegall informed Easley that although sick leave was available if she were ill, in his opinion, continuing to leave early every afternoon would constitute an abuse of Goodwill policy. Following this discussion, Easley failed to return to work for two days, as she had on a prior occasion when she found an episode at work disturbing. This incident led Stegall to request that thereafter Easley provide a doctor's excuse for her absences.

In January 1992, Easley sustained an injury to her back and did not return to work on a full-time basis until June 26, 1992. Although she was absent from work a considerable period of time during the first six months of 1992, she was able to complete the essential requirements of her job with the assistance of other Goodwill employees.

Stegall initiated a discussion with Easley on September 9, 1992 to address what he perceived to be her continuing attendance and attitude problems. The gist of his message was that he would no longer tolerate her absenteeism, but Easley interpreted his remarks to mean that she would be terminated for using sick leave in the future. Approximately an hour later, Easley advised Stegall that she had decided to resign. Stegall responded that although he did not want her to leave, he regretfully would accept her resignation. The following morning, Easley presented a letter of resignation to Stegall, but stated that she would remain at Goodwill if he desired. Stegall, however, notified Easley that he would accept her resignation. She thereafter filed a complaint with the Equal Employment Opportunity Commission and brought this action.

The district court granted summary judgment in favor of Goodwill and Stegall. It reasoned that because Easley had failed to take reasonable steps to ensure that Stegall meant that she could no longer take any sick leave, had not appealed what she perceived to be Stegall's decision to Goodwill's Board of Directors, and had indicated a willingness to return to her employment with Goodwill on the morning following her resignation, she had not presented sufficient evidence to raise a genuine issue of material fact concerning whether she had been constructively discharged from employment, i.e., whether Good-

3

will acted deliberately to make her working conditions so intolerable that a reasonable person would have felt compelled to resign. See Carter v. Ball, 33 F.3d 450, 459 (4th Cir. 1994); Paroline v. Unisys Corp., 900 F.2d 27, 28 (4th Cir. 1990) (en banc) (per curiam) (adopting Paroline v. Unisys Corp., 879 F.2d 100, 113-15 (4th Cir. 1989) (Wilkinson, J., concurring in part and dissenting in part)); Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985), cert. denied, 475 U.S. 1082 (1986). In addition, the district court concluded that the undisputed facts demonstrated that Goodwill had provided reasonable accommodation for Easley's disability during the relevant time frame. And, finally, the district court determined that Stegall was entitled to judgment on Easley's claim that he had harassed her.

II.

On appeal, Easley continues to assert that Goodwill made her working conditions intolerable, that Goodwill failed to provide her with reasonable accommodations, and that Stegall harassed her. For the reasons set forth in the memorandum opinion of the district court, we affirm. See Easley v. Stegall, No. 93-0039 (W.D. Va. Feb. 7, 1995).

AFFIRMED

4