**Elaine SPEIGHT, Plaintiff,**

v.

**ALBANO CLEANERS, INC., et al., Defendants.**

No. Civ.A. 2:97–CV–843.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 17, 1998.

Curtis T. Brown, Norfolk, VA, Ollie H. Taylor, Byrd & Taylor, Raleigh, NC, for plaintiffs.

Stanley G. Barr, Jr., Scott W. Kezman, Kaufman & Canoles, Norfolk, VA, for Albano Cleaners, Inc., defendants.

Keith L. Kimball, Va. Beach, VA, for Gregory Freeman, defendant.

## OPINION AND ORDER

FRIEDMAN, District Judge.

On August 21, 1998, this Court heard oral argument on Defendant Albano Cleaners, Inc.'s Motion for Partial Summary Judgment. Defendant Gregory Freeman[1] also filed a Motion for Partial Summary Judgment which was not before the Court on that date; however, counsel for Freeman and counsel for Plaintiff agreed at that time that oral argument was not necessary, and that the Court should decide the motion on the briefs. The Court has thoroughly reviewed all of the briefs, supporting evidence and case law relating to both motions.

### I. Factual and Procedural Background

Plaintiff filed the instant action on August 28, 1997, alleging several violations of Title VII of the Civil Rights Act, and pendant state claims of intentional infliction of emotional distress and assault and battery.[2] The allegations stem from alleged instances of sex discrimination and sexual harassment by Defendant Gregory Freeman. The Plaintiff now seeks compensatory damages.

1. Gregory Freeman's name was spelled incorrectly in the Complaint and in many of the pleadings file with the Court. Upon the agreement of counsel, it is hereby ORDERED that the style of this action is amended to reflect that the correct spelling of Defendant's last name is Freeman.

2. The Complaint named four defendants, Albano Cleaners, Inc., Gregory Freeman, Cheryl A. Brophy, and James Albano, Jr. Plaintiff filed a notice of voluntary dismissal without prejudice of Cheryl A. Brophy and James Albano, Jr. on January 9, 1998.

Plaintiff Elaine Speight, formerly Ryals, was employed by Albano Cleaners from March 5, 1996, until July 27, 1996. During that time period, Gregory Freeman ("Freeman") was the supervisor at Albano Cleaners' 22nd Street dry-cleaning plant in Norfolk, Virginia. Freeman also supervised Albano Cleaners' Monticello Avenue and Little Creek Road retail stores.

. Freeman hired Plaintiff to ultimately fill the position of a branch manager. Plaintiff contends Freeman told her that her pay would increase from $5 an hour to $6 an hour once she became a branch manager. Plaintiff spent several weeks training at the 22nd Street plant as a presser, where, according to the complaint, she was first subjected to "explicit and implicit sexual advances" by Freeman. Complaint ¶ 17. Plaintiff was then assigned to the Roosevelt Garden Shopping Center store for additional training. While at Roosevelt Garden, Plaintiff's responsibilities necessitated interaction with the 22nd Street plant. Plaintiff alleges Freeman's sexual advances included verbal remarks, small gifts, grabbing or attempts to grab portions of her anatomy, and phone calls. Plaintiff further alleges that the sexual advances continued throughout her training and entire period of employment with Albano's, and that Freeman's harassment was not restricted solely to her, but was widespread among the employees.[3]

The record before the Court establishes the following facts. Plaintiff first reviewed a copy of an Albano Employee Handbook while she was in training at the Roosevelt Garden store. Speight Dep. 33. Around April 15, 1996, Plaintiff was placed in the Monticello Avenue store as a branch manager. At that facility, Plaintiff had nominal supervisory capacity. After Plaintiff moved to the Monticello store, Freeman made sexually suggestive comments over the telephone. Speight Dep. 67–68. Plaintiff met with Freeman in the beginning of June to ask why she had not been paid for the Memorial Day Holiday and to request a raise. Speight Dep. at 85. Freeman informed Plaintiff she had been looking at an old version of the employee handbook, and that she was not entitled to holiday pay under the new handbook. Freeman sent Plaintiff a copy of the new handbook later the same day. Id.

Plaintiff contacted Cheryl Brophy, a supervisor, and requested a meeting, but did not tell Ms. Brophy why she wished to speak with her. Speight Dep. 109. Plaintiff had several opportunities to discuss Freeman's harassment with Ms. Brophy over the telephone, but failed to do so.[4] Id. Ms. Brophy attempted to meet with Plaintiff twice following the request for a meeting, but missed Plaintiff both times she went by to see her. Brophy Aff. Plaintiff then telephoned the president of Albano Cleaners, James Albano, Jr., and requested a meeting with him. Again, Plaintiff did not state what she wished to talk about with Mr. Albano. Speight Dep. 109. On June 12, 1996, Ms. Brophy met with Plaintiff at Albano Cleaners.[5] Plaintiff did not discuss her complaints about Freeman with Ms. Brophy, instead raising the issues of holiday pay, her desire for a raise, and Freeman's alleged statement that he could fire Plaintiff. See Speight Dep. at 89, 91–91, 94–96 & 109. Ms. Brophy addressed all of the concerns Plaintiff voiced during the conversation, explaining why she was not entitled to the holiday pay, that Freeman could not fire Plaintiff, and the reasons Ms. Brophy could not approve a raise for Plaintiff. Speight Dep. at 91–92, 94–96. Ms. Brophy personally made the decision not to approve a raise

---

**3.** Plaintiff contends there are factual issues regarding when Freeman's alleged harassing behavior commenced, in addition to alleged flirtations with other employees. In support of these contentions, Plaintiff submitted a personal declaration with her opposition to Defendants' motions, but has not provided any independent evidence. Regardless, neither of the disputed facts requires resolution by this Court in rendering a decision on the motions for partial summary judgment.

**4.** Plaintiff also asserts that she did not discuss the sexual harassment over the telephone because of the "sensitive nature of her complaints."

**5.** Plaintiff disputes the length of the June 12, 1996, meeting between Plaintiff and Brophy. Plaintiff contends the meeting lasted 20 to 30 minutes, whereas Brophy contends the meeting lasted one and one half hours. The precise length of the meeting is certainly not a "material issue" as would prevent summary judgment in this matter.

for Plaintiff. She received no input from Freeman on the matter. Brophy Aff. Following the conversation with Ms. Brophy, Plaintiff decided to look for another job. Speight Dep. at 113. Plaintiff alleges only one incident of alleged harassment occurred between the June 12, 1996, meeting and her resignation on July 27, 1996. *Id.* at 112.

When Plaintiff resigned, she told Ms. Brophy that she was quitting under grounds of sexual harassment, but refused to identify the alleged perpetrator on the advice of her lawyer. *Id.* at 115–16. Freeman's identity first came to the attention of Albano Cleaners on September 6, 1996, when the company received a letter from Plaintiff's attorney. Brophy Aff.; App., Exh. 6. Plaintiff filed a charge of discrimination with the EEOC on November 8, 1996, and received a right to sue letter on or about May 29, 1997.

## II. Analysis

### A. Standard of Review

Summary judgment is appropriate when it is apparent from the entire record, viewed in the light most favorable to the non-moving party, that there are no genuine issues of material fact. *See, e.g., Clark v. Alexander,* 85 F.3d 146, 150 (4th Cir.1996). *See also, Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). When a court declines to grant summary judgment, sufficient evidence must exist favoring the non-moving party which would allow a reasonable jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A properly supported motion for summary judgment may not be defeated by "the mere existence of some alleged factual dispute between the parties." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505. The requirement is that there are no genuine issues of material fact. *Id.* Entry of summary judgment is mandated "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

### B. Employer's Affirmative Defense to Title VII Claims

■ Recent Supreme Court case law clearly establishes that an employer is vicariously liable in Title VII claims for the actions of a supervisor who has authority over the plaintiff; however, the employer may assert an affirmative defense in cases where the harassment did not culminate in a tangible job detriment. *See Burlington Industries, Inc. v. Ellerth,* —— U.S. ——, ——, 118 S.Ct. 2257, 2270, 141 L.Ed.2d 633 (1998); *Faragher v. Boca Raton,* —— U.S. ——, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). To establish the defense, an employer must prove two elements by a preponderance of the evidence. First, the employer must show that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior." *Ellerth,* at 2270. Second, the employer must show "that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Id.*

In analyzing the availability of an affirmative defense to Albano Cleaners, the Court must first determine whether Plaintiff suffered a tangible job detriment. *See Ellerth,* at 2270. In *Burlington Industries, Inc. v. Ellerth,* the plaintiff's allegations were similar to those presently before the Court. The plaintiff alleged a mid-level supervisor made sexually harassing remarks and advances. *Id.* at 2262. According to the plaintiff, on several occasions the supervisor made comments which implied he would deny her tangible job benefits because of her failure to acquiesce to his advances. *Id.* Plaintiff did in fact receive a promotion, in spite of her refusal, and thus suffered no tangible job detriment. The Court in *Ellerth* found the company could avail itself of the affirmative defense to the Title VII claims. *Id.* at 2271.

■ Similarly, Plaintiff herein alleges sexual harassment by Freeman, a mid-level supervisor. According to Plaintiff, Freeman made comments about his ability to fire her. Even accepting that allegation as true for

purposes of this motion, the Court finds Plaintiff was not fired, and therefore suffered no tangible job detriment. Plaintiff also contends, however, that she was promised a raise by Freeman at the time she was hired. Plaintiff never received a raise. Once again, the Court finds the alleged harassment did not culminate in a tangible job detriment. The record establishes that the denial of the raise did not result from any action by Freeman. It is uncontradicted that Freeman did not have the authority to give or deny Plaintiff a raise. That authority was maintained solely by Ms. Brophy. Brophy Aff. Ms. Brophy had no knowledge of the alleged harassment at the time she denied Plaintiff's request for a raise, nor had she received any input from Freeman in making her decision. Brophy Aff. During the June 12, 1996, meeting with the Plaintiff, Ms. Brophy explained to Plaintiff the reasons she could not approve the requested raise. According to Ms. Brophy, Plaintiff's pay was appropriate based on her newness to the company and the light volume of cleaning that came through Plaintiff's store. Brophy Aff. Thus, Plaintiff suffered no tangible job detriment as a result of the alleged harassment, and an affirmative defense is available to Albano Cleaners, should it establish the necessary elements.

■ Thus, the Court must consider whether Albano Cleaners has met its burden with respect to the elements of the affirmative defense. Albano Cleaners had a clearly established policy against sexual harassment, and Plaintiff was aware of the policy. Speight Dep. at 170. Furthermore, Plaintiff admitted that she "knew the steps that she had to go through in order to report [Freeman's alleged misconduct]." *Id.* Nonetheless, Plaintiff failed to take advantage of the corrective opportunities provided by the policy. *Id.* Plaintiff had multiple opportunities to disclose the alleged harassment both in telephone conversations with the President of Albano Cleaners and Ms. Brophy, a high level supervisor, and in a personal meeting with Ms. Brophy. Plaintiff did not reveal the alleged harassment at any time. On the day she quit, Plaintiff finally told Ms. Brophy that she was quitting on grounds of sexual harassment, but refused to identify the alleged harasser. Albano Cleaners did not

become aware of the identity of the alleged perpetrator until more than two months after Plaintiff quit. Brophy Aff.

The Court finds there are no issues of material fact relating to Albano Cleaners establishment of the affirmative defense outlined in *Ellerth* and *Faragher*. Albano Cleaners having proved the necessary elements by a preponderance of the evidence, Albano Cleaners' Motion for Partial Summary Judgment as to the Title VII claims is **GRANTED**.

## C. Supervisor as an Employer

Gregory Freeman contends the Title VII claims pending against him should be dismissed because he was not Plaintiff's employer. An "employer" is defined by Title VII as "a person engaged in industry affecting commerce who has fifteen or more employees ... and any agent of such a person." 42 U.S.C. § 2000e(b). Under the majority view, this definition does not impose liability upon individual supervisors. *See, e.g., Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) (holding individual capacity suits inappropriate under Title VII); *Grant v. Lone Star Co.,* 21 F.3d 649, 651–53 (5th Cir.) (no liability under Title VII for individual employees who do not otherwise qualify as an employer), *cert. denied,* 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994). The Fourth Circuit is "among the minority of circuits which continues to recognize some individual capacity suits under Title VII," although in a very limited capacity. *Michael v. Sentara Health System,* 939 F.Supp. 1220, 1226 (E.D.Va.1996) (Smith, J.); *see also Paroline v. Unisys Corp.,* 879 F.2d 100 (4th Cir.1989) (finding employees who "fit the statutory definition of an employer" may be liable for Title VII violations), affirmed in relevant part, 900 F.2d 27 (4th Cir.1990); *Shoemaker v. Metro Information Services,* 910 F.Supp. 259 (E.D.Va.1996) (Jackson, J.) (supervisors may be individually liable in Title VII cases).

■ Two factors are necessary to establish a supervisor's individual liability under Title VII. The supervisor must wield significant control over the plaintiff, and the

alleged harassing conduct cannot be categorized as a plainly delegable decision. *Shoemaker,* 910 F.Supp. at 265. *See also Birkbeck,* 30 F.3d at 511 n. 1; *Paroline,* 879 F.2d at 104. Courts in this Circuit have dismissed suits when an individual supervisor's actions involve "personnel decisions of a plainly delegable nature." *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510 & n. 1 (4th Cir.), *cert. denied,* 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); *Mitchell v. RJK of Gloucester, Inc.,* 899 F.Supp. 246, 247–48 (E.D.Va.1995) (Doumar, J.) (relying on *Birkbeck* to dismiss individual defendant in race discrimination suit). Delegable decisions are those that "any employee in a supervisory position might make," such as decisions to hire, fire, or discipline. *Mitchell,* 899 F.Supp. at 248 n. 4.

■ As this Court has previously noted, "*Birkbeck* implies, correctly, that sexual harassment is not 'plainly delegable.'" *Id.* The Court finds Freeman's alleged sexual harassment of Plaintiff was not a 'plainly delegable' duty. Freeman is therefore not shielded by corporate liability, and is subject to individual liability under Title VII. Furthermore, Freeman was in a position to exercise significant supervisory control over Plaintiff since he supervised both the store where Plaintiff was trained and the store where Plaintiff served as a branch manager. Freeman is properly considered an employer within the statutory meaning of Title VII as it has been interpreted by the Fourth Circuit. Freeman's Motion for Partial Summary Judgment on the Title VII claims is therefore **DENIED.**

## D. Intentional Infliction of Emotional Distress

■ During oral argument, Defendants argued that adequate remedy for any emotional injuries resulting from the alleged touching is available to Plaintiff through the assault and battery claim, and that allowing Plaintiff to proceed with an emotional distress claim could result in duplicative recovery. The Court finds Defendants' argument lacks merit. In accordance with *Paroline v. Unisys Corporation, supra,* a plaintiff may pursue both an assault and battery claim and an intentional infliction of emotional distress claim simultaneously. *Id.,* 879 F.2d at 112.

■ To prevail on a claim of intentional infliction of emotional distress, a plaintiff must establish by clear and convincing evidence: (1) that the defendant's conduct was intentional or reckless; (2) that the conduct was outrageous or intolerable; (3) a causal connection between the conduct and the emotional distress; and (4) that the emotional distress was severe. *Womack v. Eldridge,* 215 Va. 338, 342, 210 S.E.2d 145 (1974). Defendants contend that Freeman's alleged conduct does not meet the level of that which is legally outrageous or intolerable. For an action to be "outrageous or intolerable," it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White,* 241 Va. 23, 27, 400 S.E.2d 160 (1991).

■ In support of their contention, Defendants cite cases in which the Court finds the allegations of physical contact are simply not comparable. *See Webb v. Baxter Healthcare Corp.,* 57 F.3d 1067, 1995 WL 352485 (4th Cir. June 13, 1995) (unpublished) (granting summary judgment based on outrageous and intolerable element of claim); *Paroline,* 879 F.2d at 112–13 (conduct not sufficiently outrageous to meet strict standards under Virginia law). According to the Plaintiff, on at least one occasion Freeman put his hand under Plaintiff's dress and grabbed her buttocks. On a separate occasion Freeman attempted to grab Plaintiff's breast. *See* Complaint ¶¶ 25 & 26. The Court finds that the alleged physical contact surpasses that which is merely rude and inappropriate, and is sufficient to be considered outrageous and intolerable.

In addition, the record contains evidence which presents genuine issues of material fact on the remaining elements of the emotional distress claim. Defendants do not even attempt to convince the Court otherwise. Defendants' Motion for Partial Summary Judgment on the Intentional Infliction

of Emotional Distress claim is therefore **DE-NIED.**

### III. Conclusion

Based on the foregoing, Albano Cleaners, Inc.'s Motion for Partial Summary Judgment on the Title VII claims is **GRANTED,** and Plaintiff's Title VII claims against Albano Cleaners, Inc. are **DISMISSED;** Gregory Freeman's Motion for Partial Summary Judgment on the Title VII claims is **DE-NIED;** Defendants' Motions for Partial Summary Judgment on the Intentional Infliction of Emotional Distress claim are **DE-NIED.**

Finally, Plaintiff conceded during oral argument that her claim for punitive damages under state law and her Title VII claim for constructive discharge should be dismissed by the Court. Plaintiff's claim for punitive damages under state law and her Title VII claim for constructive discharge are therefore **DISMISSED** as they relate to each Defendant respectively.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to counsel for the Plaintiff and counsel for the Defendants.

It is so **ORDERED.**