**Connie FLOWERS, Plaintiff,**

v.

**Robert REGO and Cliff Peck Chevrolet, Defendants.**

**No. LR–C–87–642.**

United States District Court,
E.D. Arkansas, W.D.

May 18, 1988.

---

Ralph Washington, John W. Walker, P.A., Little Rock, Ark., for plaintiff.

Ruth W. Woodling, Fisher & Phillips, Atlanta, Ga., and Andrew L. Clark, Little Rock, Ark., for defendants.

## MEMORANDUM AND ORDER

HENRY WOODS, District Judge.

Pending now is the motion for summary judgment of the separate defendant Robert Rego. For the reasons that follow the motion is granted.

### BACKGROUND

The plaintiff, Connie Flowers, a white female, brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In her complaint she alleges, *inter alia*, that she was discharged by the defendant Cliff Peck Chevrolet in retaliation for her complaints of sexual harassment by the defendant Robert Rego, a male co-worker employed by Cliff Peck as a car salesman. She also alleges that the conduct of the defendants constitutes the tort of intentional infliction of emotional distress (outrage) as defined by Arkansas law. Rego has moved to dismiss the claims against him arguing: (1) that the court lacks jurisdiction over claims of alleged discrimination against him because the plaintiff failed to pursue administrative remedies against him as required by 42 U.S.C. § 2000e–5(b) and (f); (2) that he is not an "employer" subject to liability under 42 U.S.C. § 2000e(b); and (3) that since the court has no jurisdiction under Title VII, it therefore has no jurisdiction over the pendent state law claim.

Based upon the plaintiff's EEOC complaint against Cliff Peck Chevrolet, excerpts from his own deposition, the deposition of the plaintiff and the deposition of Cliff Peck, IV, Rego submits as undisputed that there was no EEOC charge filed against him, that he was a non-supervisory employee and that, in fact, the plaintiff had supervisory authority over him. The only "fact" which is controverted by the plaintiff is that she was Rego's supervisor. However, that fact is immaterial as it has not been alleged by either party that Rego, a car salesman, held any supervisory or managerial position with Cliff Peck Chevrolet. The remaining "facts" the plaintiff would dispute are not facts at all, but are merely different interpretations of the applicable law.

### DISCUSSION

In her brief the plaintiff concedes that an EEOC charge was never filed against Rego and that Rego is not an employer within Title VII. But the plaintiff argues that it was not necessary to file an EEOC claim against Rego because the allegations made against Cliff Peck Chevrolet, Rego's employer, were based upon Rego's conduct. The plaintiff then states, without citation to authority, that "Rego does not have to be an employer as defined by Title VII before he can be sued in federal court for acts of discrimination against a co-employee."

There are few reported cases dealing with the precise issue raised here—

whether a claim of discrimination against a non-supervisory co-employee is cognizable under Title VII—but those few cases the court has found indicate that the co-worker himself cannot be held liable. *See Hendrix v. Fleming Companies,* 650 F.Supp. 301 (W.D.Okla.1986) (only officer, director, supervisor or manager of Title VII employer can be held individually liable); *Duva v. Bridgeport Textron,* 632 F.Supp. 880 (E.D. Pa.1985) (employees who do not supervise Title VII plaintiff do not qualify as "employers" for Title VII suit); *Guyette v. Stauffer Chemical Co.,* 518 F.Supp. 521 (D.N.J.1981) (nonsupervisory employee is not liable for sexual harassment in a Title VII suit). Because it is undisputed that Rego held no supervisory, managerial or other position of authority with defendant Cliff Peck Chevrolet the court finds that he can not be held liable under Title VII which prohibits "employers" from discriminating on the basis of sex. See 42 U.S.C. § 2000e(b).

The court further finds that it has no independent basis for federal jurisdiction over the plaintiff's state law claims against Rego. The plaintiff states in her brief, in a conclusory fashion, that "Plaintiff alleges that diversity of citizenship does exist in the instant case." There is no further explanation of the basis for this allegation, nor is there any reference to pleadings which could substantiate the claim. The plaintiff's complaint alleges only that the plaintiff is a "citizen of the United States of America who resides in Pulaski County, Arkansas." It does not allege the state of which the plaintiff is a citizen, nor does it allege the citizenship of either defendant. Such a pleading is patently defective and fails to invoke the court's diversity jurisdiction. *See* cases cited at note 751, 28 U.S.C.A. § 1332.

Accordingly, Rego's motion for summary judgment is granted and the plaintiff's claims against him are hereby dismissed.

IT IS SO ORDERED.