879 F.Supp. 94 (1995)
Sheila CARTER, Plaintiff,
v.
LUTHERAN MEDICAL CENTER, et al., Defendants.
No. 4:95CV00006 GFG.
United States District Court, E.D. Missouri, Eastern Division.
March 15, 1995.
*95 Sheila Carter, pro se, St. Louis, MO.
Toni H. Blackwood, Gary E. Armbrust, Blackwell and Sanders, Kansas City, MO, for defendants.

ORDER
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss.
Plaintiff, pro se, filed suit pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq. Plaintiff was formerly employed at defendant Lutheran Medical Center ("LMC"). Defendants Thomas J. Jacob and Michele Meyer are LMC supervisors. Plaintiff, a black citizen, alleges that defendants discriminated against her on the basis of race when they terminated her employment. Defendants have filed a motion to dismiss. Plaintiff has not responded.
When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true, construing the complaint and all reasonable inferences therefrom in a light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). Therefore, "a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.
Defendants Jacob and Meyer argue that plaintiff's complaint must be dismissed against them for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). They contend that individual supervisors have no personal liability under Title VII. This Court agrees.
Federal courts are divided on the issue of the personal liability of individual supervisors under Title VII. Compare Paroline v. Unisys Corp., 879 F.2d 100 (4th Cir. 1989), vacated in part, 900 F.2d 27 (4th Cir.1990); Jones v. Continental Corp., 789 F.2d 1225 (6th Cir.1986) (finding individual supervisors personally liable under Title VII) with Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587 (9th Cir.1993); Busby v. Orlando, 931 F.2d 764, 772 (11th Cir.1991); Harvey v. Blake, 913 F.2d 226, 227-28 (5th Cir.1990) (refusing to find individual supervisors personally liable under Title VII). The Eighth Circuit has not yet addressed the issue; however, this Court and others within this district have found persuasive the position of the Ninth Circuit in Miller v. Maxwell's International, Inc., 991 F.2d 583, 587 (9th Cir. 1993). Dunham v. O'Fallon, 1994 WL 228598 at *1 (E.D.Mo.1994); White v. Edward D. Jones & Co., 1994 WL 408382 at *2 (E.D.Mo.1994); Henry v. E.G. & G. Missouri Metals Shaping Co., 837 F.Supp. 312, 314 (E.D.Mo.1993). See also Stafford v. State of Missouri, 835 F.Supp. 1136, 1149 (W.D.Mo. 1993). Absent Eighth Circuit authority, this Court will follow prior decisions within this district and adopt the reasoning of the Ninth Circuit in Miller. Therefore, the Court will dismiss plaintiff's complaint against the individual supervisors Jacob and Meyer.
Defendant LMC argues that plaintiff's complaint must be dismissed against it because it is not an entity capable of being sued. LMC argues that "Lutheran Medical Center" is merely the name of a hospital owned and operated by NME Hospitals, Incorporated, a foreign corporation authorized to do business within the state of Missouri. (Defs.' Exh. 1.) The capacity of an entity to sue or be sued is determined according to the law of the state in which the district court *96 sits. Fed.R.Civ.P. 17(b). See also 999 v. Cox & Co., 574 F.Supp. 1026, 1031 (E.D.Mo. 1983). Missouri law suggests that a nonexisting corporation cannot sue or be sued. DePaul Community Health Ctr. v. Trefts, 688 S.W.2d 379, 380-81 (Mo.Ct.App.1985). Alternatively, LMC is not a "person" within the meaning of Title VII because it does not have an existence and it does not fit within the definition of "person" found in 42 U.S.C. § 2000e(a). In the absence of a response by plaintiff, the Court will grant defendants' motion and dismiss plaintiff's complaint against LMC. Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss is granted and that plaintiff's complaint is dismissed as to all defendants.