**Angie GRISSOM, Plaintiff,**

v.

**WATERLOO INDUSTRIES, INC., a foreign corporation; Brian Ross, individually and as agent for Waterloo Industries, Inc.; and John Does I–III, Defendants.**

**Civ. No. J–C–95–125.**

United States District Court, E.D. Arkansas, Jonesboro Division.

Sept. 26, 1995.

Michelle Cushman Huff, Lambert Law Office, Cherokee Village, AR, for plaintiff.

Spencer F. Robinson, Ramsay, Bridgforth, Harrelson & Starling, Pine Bluff, AR, and James W. Moore, Friday, Eldredge & Clark, Little Rock, AR, for defendants.

*AMENDED AND SUBSTITUTED MEMORANDUM OPINION AND ORDER*

EISELE, District Judge.

Before the Court is defendants Brian Ross' and John Does I–III's Motion to Dismiss,

filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded to this motion, opposing the relief sought. For the reasons expressed in the following opinion, defendants' motion will be granted.

## I.

 Plaintiff's Complaint (Docket No. 1) seeks to recover from the above-named defendants, as well as defendant Waterloo Industries, Inc. (Waterloo), for various alleged violations of Title VII, 42 U.S.C.A. §§ 2000e to 2000e–17 (West 1994). Defendants argue that plaintiff's Complaint fails, as a matter of law, to state a claim for relief against them, and that accordingly the Complaint should be dismissed in so far as it relates to them. See Fed.R.Civ.P. 12(b)(6). In ruling upon this motion, the Court is required to accept the factual allegations of plaintiff's Complaint as true. *Albright v. Oliver,* —— U.S. ——, ——, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir. 1994). Moreover, the Court may grant defendants' motion only if, after so viewing the pleadings, it is patently clear that there is no set of facts that plaintiff could prove thereunder which would entitle her to the relief sought in the Complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995).

Plaintiff has alleged the following facts in her Complaint which, as discussed above, must be accepted as true in deciding this motion.

Throughout plaintiff's employment with Waterloo, which began on September 8, 1986, defendant Ross, her immediate supervisor, subjected her to various instances of sexual

harassment, consisting primarily of unwelcomed sexual advances (both physical and verbal). Complaint ¶ 5, 7. Defendant Ross also discriminated against plaintiff in establishing the conditions of her employment (*e.g.,* by demoting her) after she had repeatedly rebuffed his unwelcomed sexual overtures. Complaint ¶ 6, 8. Plaintiff then complained to various of defendant Ross' supervisors (management personnel not named as defendants in this suit) about his conduct, but they took no corrective action. Complaint ¶ 9, 11–12. In fact, one of these supervisors, Ken Adams, retaliated against plaintiff for filing her complaints against defendant Ross by transferring her to a position usually occupied by less senior employees. Complaint ¶ 13–14.

As a result of these (and other) acts of defendant Ross (and other unknown supervisors),[1] plaintiff quit her job with Waterloo in late August, 1994, contending that she was subjected to employment conditions that constituted a constructive discharge. Complaint ¶ 5, 15–16. On December 28, 1994, plaintiff timely filed a charge with the Equal Employment Opportunity Commission (EEOC), see 42 U.S.C.A. § 2000e–5(e)(1) (West 1994), claiming that defendant Ross' repeated acts of sexual harassment and sexual discrimination had forced her to resign. Complaint ¶ 17. Plaintiff thereafter received her "right-to-sue" letter from the EEOC on March 28, 1995,[2] Complaint ¶ 17, and eighty-six days later, on June 22, 1995, plaintiff timely filed her Complaint with this Court. See 42 U.S.C.A. § 2000e–5(f)(1) (West 1994).

## II.

 Defendant Ross, as well as the John Doe defendants, argue that plaintiff's efforts to hold them individually liable under Title

---

1. The John Doe defendants are intended to represent presently unknown "managers, supervisors and others who have engaged in the conduct alleged in the complaint." Affidavit in Support of Complaint Against Unknown Tortfeasor ¶ 2 (Docket No. 2).

2. The record does not indicate the EEOC's disposition of plaintiff's discrimination charges. However, since plaintiff's "right-to-sue" letter was issued within 180 days from the filing of her charges with the EEOC, the Court must assume

that the EEOC denied her charges on the merits, since a plaintiff is prohibited from requesting a "right-to-sue" letter on unresolved charges until 180 days have passed from the filing of the charges with the EEOC. 42 U.S.C.A. § 2000e–5(f)(1) (West 1994); *Occidental Life Ins. Co. of Cal. v. Equal Employment Opportunity Comm'n,* 432 U.S. 355, 361–62, 97 S.Ct. 2447, 2452, 53 L.Ed.2d 402 (1977); *Chandler v. Fast Lane, Inc.,* 868 F.Supp. 1138, 1141–42 (E.D.Ark.1994).

VII must fail. While Title VII provides a cause of action for any acts of sexual discrimination engaged in by an employee's employer, see 42 U.S.C.A. § 2000e–2(a) (West 1994), it is equally clear that a defendant must qualify as an "employer," as that term is defined in Title VII, before he can be held individually liable for any such discrimination. *See Graves v. Women's Professional Rodeo Ass'n, Inc.*, 907 F.2d 71 (8th Cir.1990). Under Title VII, an "employer" is defined as "a person[3] engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, *and any agent of such a person.*" 42 U.S.C.A. § 2000e(b) (West 1994) (emphasis added). Defendant Ross and the John Doe defendants argue that, as plaintiff's supervisors, they cannot be held individually liable under Title VII, because while supervisors may ordinarily be said to be agents of their corporate employer (*i.e.,* their principal), this agency does not render supervisors independent "employers" upon whom Title VII liability may be individually imposed.

As the allegations of plaintiff's Complaint make clear, this dispute is, at bottom, predicated upon a workplace made hostile to plaintiff by pervasive instances of sexual harassment by her supervisor.[4] Of course, such a claim is actionable under Title VII, *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 64, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986) ("[W]hen a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor 'discriminate[s]' on the basis of sex [within the meaning of § 2000e–2(a) ]."); *see also Harris v. Forklift Sys., Inc.,* —— U.S. ——, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993), and the Court has little doubt that the allegations of plaintiff's Com-

plaint, if proven, would entitle her to recover under the hostile workplace standards established by the Court of Appeals for the Eighth Circuit. See, *e.g., Stacks v. Southwestern Bell Yellow Pages, Inc.,* 27 F.3d 1316, 1326–27 (8th Cir.1994); *Burns v. McGregor Elec. Indus., Inc.,* 955 F.2d 559, 564 (8th Cir.1992), *appeal after remand,* 989 F.2d 959 (8th Cir. 1993). However, while such an action might entitle her to recover against Waterloo, see *Hall v. Gus Constr. Co.,* 842 F.2d 1010, 1015 (8th Cir.1988) (Under Title VII, "a company will be liable [for the acts of its employees] if management-level employees knew, or in the exercise of reasonable care should have known, about a barrage of offensive conduct."), the question whether plaintiff's supervisors can be held individually liable under Title VII presents a far more difficult question.

While the Eighth Circuit has held that co-workers may not be held individually liable under Title VII, *Smith v. St. Bernards Regional Med. Ctr.,* 19 F.3d 1254, 1255 (8th Cir.1994); *see also Flowers v. Rego,* 691 F.Supp. 177, 178–79 (E.D.Ark.1988),[5] that court has not addressed head on the question whether supervisors are "employers" subject to individual liability under Title VII. *But cf. Lenhardt v. Basic Inst. of Tech., Inc.,* 55 F.3d 377, 379–81 (8th Cir.1995) (concluding, by analogy to Title VII, that under Missouri's state law analog to Title VII, a supervisor is not an "employer" subject to individual liability). The circuit courts that have considered the issue appear to be divided, though it seems that the majority (and better reasoned) view is that a supervisor *cannot* be held *individually* liable as an "employer" under Title VII (though, of course, the supervisor's corporate employer can be held liable for his or her actions under an alter ego/agency theory). See, *e.g., Gary v. Long,*

**3.** Under Title VII, "[t]he term 'person' includes ... corporations," 42 U.S.C.A. § 2000e(a) (West 1994), thus there is no doubt that Waterloo was plaintiff's "employer" for purposes of this action.

**4.** While plaintiff's Complaint does contain allegations of retaliatory conduct, it is clear that those discriminatory acts were taken in retaliation for plaintiff's rebukes of defendant Ross' sexual over-

tures, and as such are part and parcel of her sexual harassment claim.

**5.** Plaintiff argues that *Rego* stands for the proposition that a supervisory employee can be held individually liable under Title VII. However, since *Rego* was, in fact, a case raising the issue of co-worker liability under Title VII, her interpretation clearly stretches the *Rego* holding beyond its limits.

59 F.3d 1391, 1399 (D.C.Cir.1995) (supervisor not an "employer" subject to individual liability under Title VII); *Grant v. Lone Star Co.*, 21 F.3d 649, 652–53 (5th Cir.) (same), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993) (same); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir.1993) (same), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) (same); *Huebschen v. Department of Health & Social Servs.*, 716 F.2d 1167, 1170 (7th Cir.1983) (same); *but see Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989), *aff'd in relevant part and vacated in part*, 900 F.2d 27 (4th Cir.1990) (en banc) (supervisors can be held individually liable under Title VII); *Jones v. Continental Corp.*, 789 F.2d 1225, 1231 (6th Cir.1986) (dicta) (same); *Goodstein v. Bombardier Capital, Inc.*, 889 F.Supp. 760, 764–65 (D.Vt.1995) (same); *Griffith v. Keystone Steel & Wire Co.*, 858 F.Supp. 802, 805–06 (C.D.Ill.1994) (same).

■ In the absence of any contrary precedent from the Eighth Circuit (and in light of the rationale underlying that court's decision in *Lenhardt v. Basic Inst. of Tech., Inc., supra* ), the Court elects to follow the majority view, and concludes that supervisors may not be held individually liable as "employers" under Title VII. As the District of Columbia Circuit recently explained:

"[T]he obvious purpose of th[e] agent provision [of § 2000e(b) ] was to incorporate respondeat superior liability into the statute." Thus, while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent for the employer, *who is alone liable for a violation of Title VII.*

*Gary v. Long, supra*, 59 F.3d 1391 (citation omitted) (emphasis added). The Court agrees with this analysis of the intended scope of § 2000e(b), and further agrees with

the following observations made by the Ninth Circuit:

The statutory scheme itself indicates that Congress did not intend to impose individual liability on employees. Title VII limits liability to employers with fifteen or more employees . . ., in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims. If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees.

*Miller v. Maxwell's Int'l, Inc., supra*, 991 F.2d at 587 (citations omitted); *accord Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir.1994) (construing the term "employer" in the Age Discrimination in Employment Act as excluding the imposition of individual liability upon supervisors).[6] Finally, the Court notes that its conclusion is consistent with that of Judge George F. Gunn, Jr., a well-respected judge in the Eastern District of Missouri, who has recently concluded (in harmony with several prior decisions in that district) that supervisors cannot be held individually liable under Title VII. *Carter v. Lutheran Med. Ctr.*, 879 F.Supp. 94, 95 (E.D.Mo.1995). Accordingly, since neither defendant Ross nor the John Doe defendants may be held individually liable for plaintiff's claims for relief under Title VII, their Motion to Dismiss will be granted. *See Gary v. Long, supra*, 59 F.3d at 1399.

IT IS THEREFORE ORDERED that defendants Brian Ross' and John Does I–III's Motion to Dismiss[7] be, and it is hereby, GRANTED.

---

**6.** It is difficult to reconcile the rationale of the Fourth Circuit's decision in *Birkbeck v. Marvel Lighting Corp., supra,* with that expressed in its decision in *Paroline v. Unisys Corp., supra.* Fortunately, the Court is not required to do so.

**7.** Docket No. 7.