**Fernando C. HARVEY,
Plaintiff–Appellee,**

v.

**Thorne BLAKE, Defendant–Appellant.**

**No. 89–2215.**

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1990.

Robert J. Collins, Mark Thompson, Sr. Asst. City Atty., John Fisher, Houston, Tex., for defendant-appellant.

Theadore R. Andrews, Andrews & Matthews, Houston, Tex., for plaintiff-appellee.

Before GEE, GARWOOD, and HIGGINBOTHAM, Circuit Judges:

GEE, Circuit Judge:

Today's case presents the question whether a city-employed supervisor ac-

cused of sexual harassment may utilize the defense of qualified immunity against a demand for backpay under Title VII. Because under Title VII a public official may be liable in her official capacity only, the doctrine of qualified immunity, which protects the official from personal liability, is inapplicable.

#### Facts

The appellee, Fernando Harvey, was hired by the City of Houston to serve as an Inspector I in its Public Service Department. The appellant, Thorne Blake, was Mr. Harvey's supervisor.

In March 1985 Mr. Harvey complained of sexual harassment by Ms. Blake to the director of the city's Public Service Department, Jane Cater. Later that same month, Mr. Harvey filed a sexual harassment complaint with the city's Affirmative Action Division.

After Mr. Harvey filed the complaint, the Street Lighting Division supervised by Ms. Blake was transferred to the city's Traffic and Transportation Department. Mr. Harvey remained with the Public Service Department and worked in the Telecommunications Division until he was terminated in September 1985.

Mr. Harvey filed a charge alleging sex discrimination and retaliation with the Equal Employment Opportunity Commission. Following the receipt of a right-to-sue letter in June 1986, Mr. Harvey then instituted the present action, alleging violations of Title VII, and of his rights under the First, Fifth and Fourteenth Amendments. Named as defendants were Ms. Blake and Ms. Cater in both their individual and official capacities, along with various other city officials.

The defendants moved for summary judgment, with Ms. Blake asserting the defense of qualified immunity. The district court dismissed Mr. Harvey's constitutional claims, ruling that Mr. Harvey's speech was not a matter of public concern and that Mr. Harvey had no property interest in his employment. The district court also dismissed another defendant to whom the suit was time barred. The court also dismissed Ms. Cater in her individual capacity under the doctrine of qualified immunity. The

district court declined, however, to grant Ms. Blake qualified immunity, reasoning that Ms. Blake's actions were performed in her individual capacity.

#### Discussion

■ Ms. Blake contests on appeal the lower court's denial of her motion for summary judgment on the issue of qualified immunity.[1] She contends that as the actions she was alleged to have taken were not in violation of federal rights which were clearly established at the time, qualified immunity should have been given. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This argument assumes, however, that the doctrine of qualified immunity applies to Title VII actions; for the reasons given below, we hold that it does not.

■ Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, imposes liability for back pay upon *Employers* who violate the Act's provisions. Section 2000e(b) defines an Employer as "a person engaged in an industry affecting commerce … and *any agent* of such a person." Like all of Title VII's provisions, the phrase "any agent" should be accorded a liberal construction. *See, e.g., Rogers v. EEOC*, 454 F.2d 234, 238 (5th Cir.1971), *cert. denied*, 406 U.S. 957, 92 S.Ct. 2058, 32 L.Ed.2d 343 (1972); *Quijano v. University Federal Credit Union*, 617 F.2d 129, 131 (5th Cir.1980). Under this liberal construction, immediate supervisors are Employers when delegated the employer's traditional rights, such as hiring and firing. *See Hamilton v. Rodgers*, 791 F.2d 439, 442–43 (5th Cir.1986); *Williams v. City of Montgomery*, 742 F.2d 586 (11th Cir.1984), *cert. denied*, 471 U.S. 1005, 105 S.Ct. 1868, 85 L.Ed.2d 161 (1985). In the present appeal Ms. Blake does not contest the characterization of her as an agent of the city, and thus as Mr. Harvey's "Employer" under Title VII.

■■ Because Ms. Blake's liability under Title VII is premised upon her role as agent of the city, any recovery to be had must be against her in her official, not her

---

1. A district court's denial of a claim of qualified immunity is an appealable final decision within the meaning of 28 U.S.C. § 1291. *See Brown v.*

*Texas A & M University*, 804 F.2d 327, 331 (5th Cir.1986).

individual, capacity. *Clanton v. Orleans Parish School Board,* 649 F.2d 1084 (5th Cir.1981).[2] Only when a public official is working in an official capacity can that official be said to be an "agent" of the government; there can be no liability for backpay under Title VII for the actions of mere co-workers. *See, e.g., Flowers v. Rego,* 691 F.Supp. 177, 179 (E.D.Ark.1988); *Duva v. Bridgeport Textron,* 632 F.Supp. 880 (E.D.Pa.1985); *Guyette v. Stauffer Chemical Co.,* 518 F.Supp. 521 (D.N.J. 1981). "Personal liability, if any, ... must be predicated upon a constitutional violation under § 1983." *Clanton,* 649 F.2d at 1099. Because the doctrine of qualified immunity protects a public official from liability for money damages in her individual capacity only, the doctrine is inapplicable in the Title VII context. *See Mangaroo v. Nelson,* 864 F.2d 1202, 1204 (5th Cir.1989). Therefore, the district court erred in denying Ms. Blake summary judgment in her personal capacity, not because she was entitled to qualified immunity, but rather because the suit may proceed against her in her official capacity only.

We therefore VACATE the court's order denying Ms. Blake's motion and REMAND for further proceedings consistent with our opinion.

**2.** We note that there is one case from this circuit, in which we failed to make the distinction between a supervisor's official and unofficial capacity. *See Hamilton v. Rodgers,* 791 F.2d 439 (5th Cir.1986). The seeming conflict between *Clanton* and *Hamilton* is in appearance only; "[i]t has long been a rule of this court that no panel of this circuit can overrule a decision previously made by another." *Ryals v. Estelle,* 661 F.2d 904, 906 (5th Cir.1981). When two panel opinions appear in conflict, it is the earlier which controls. *Id.* Thus, to the extent that *Hamilton* is inconsistent with the rule established in *Clanton,* that public officials may be liable for backpay under Title VII in their official capacity only, *Hamilton* is nonauthoritative.