69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wendy Lee WILSON, Stevie Burns, Plaintiffs-Appellants,
v.
Leon "Buddy" NUTT, Sheriff of Wayne County, Tennessee,
Defendant-Appellee.
 No. 94-5750.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1995.
 
 Before: MARTIN and SILER, Circuit Judges; JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's order dismissing their Title VII claims against Sheriff Leon "Buddy" Nutt, in his individual capacity. Based on the following discussion, we hold that Sheriff Nutt is liable in his official capacity, and remand to the district court.
 
 I.
 A. Factual History
 
 2
 Nutt was elected Sheriff of Wayne County in 1990. According to plaintiffs' complaint, Nutt was the chief executive of the Wayne County Sheriff's Department, and supervised dispatchers and deputies, among others. During 1992, the sheriff's department employed fifteen or more employees for more than twenty weeks, including Nutt's chief deputy assistant but excluding Nutt.[1]
 
 
 3
 The claim arose from the employment of plaintiff Wendy Lee Wilson. She was forced to have sex with Nutt on July 13, 1992, while she was working as a dispatcher in the sheriff's office. After the incident, Wilson called plaintiff Stevie Burns, a deputy sheriff, at his home. Burns immediately reported the incident to an assistant district attorney. He then telephoned a sheriff's department employee to procure a rape-detection kit. He also called another dispatcher to fill in for Wilson.
 
 
 4
 Wilson never returned to work and received wages through July 14. She would have earned $396.42 if she had been paid through July 31, her original departure date. Burns was on family leave for the next week and appeared under subpoena before the Wayne County Grand Jury. He returned to work on July 22, and was discharged for purported "budget restrictions." He would have earned an additional $19,250 in wages if he had continued employment through the final day of trial, plus $5,500 if he would have worked through the last day of Sheriff's Nutt's term of office.
 
 B. Procedural History
 
 5
 Wilson and Burns brought suit under Title VII against Wayne County, the Wayne County Sheriff's Department, and Sheriff Nutt. They settled their claims against Wayne County and the sheriff's department, and proceeded to trial against Sheriff Nutt.
 
 
 6
 Nutt moved to dismiss the case because, among other things, he purportedly could not be liable as an individual. The district court denied this motion, and the case went to trial. After the evidence was heard, the district court determined that Sheriff Nutt had sexually harassed Wilson and that his termination of Burns was retaliatory. The court, however, then ruled that Nutt could not be held individually liable under Title VII as an employer.
 
 II.
 
 7
 Title VII prohibits "employers" from discriminating based on "race, color, religion, sex, or national origin." 42 U.S.C. Sec. 2000e-2. An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person...." 42 U.S.C. Sec. 2000e(b) (emphasis added). "Agent" is not defined by Title VII, but has been interpreted as "an individual who 'serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment.' " Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 803 (6th Cir.1994) (quoting Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir.1993)).
 
 
 8
 The district court assumed that Sheriff Nutt was an agent of the Wayne County Sheriff's Department and thus adjudicated whether an agent may be held liable in his individual capacity under Title VII. The court adopted the position of a majority of circuits holding that Title VII does not provide for individual liability.[2] The Sixth Circuit has not directly addressed this issue,[3] and we need not do so in this case. Based upon defendant's concessions and the nature of the office of sheriff in Tennessee, we hold that Nutt may be sued in his official capacity as Sheriff of Wayne County.
 
 
 9
 As Nutt states in his answer, "[t]he Sheriff of Wayne County holds a sui generis office authorized by Article 7, Section 1 of the Constitution of Tennessee, and is not a mere agent of the County."[4] Moreover, Nutt stated in his answer and at oral argument before this court that he was the "employer" of both Wilson and Burns.
 
 
 10
 Even if Nutt is the plaintiffs' "employer," he only comes within the reach of Title VII if he "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. Sec. 2000e(b). The district court found that "[e]xcluding the sheriff but including his chief deputy, there were fifteen or more employees on the payroll for twenty weeks in each of 1992 and 1993." Nutt has argued that the chief deputy should not be counted as an employee because he purportedly serves on the sheriff's "personal staff." 42 U.S.C. Sec. 2000e(f) (person chosen by elected official to serve on "personal staff" is excluded from Title VII's definition of "employee"). Exemptions to remedial statutes such as Title VII should be construed narrowly. See, e.g., Nichols v. Hurley, 921 F.2d 1101, 1103-04 (10th Cir.1990). At trial, Nutt presented no evidence regarding the duties of the chief deputy. Accordingly, he has failed to show that the chief deputy should not be counted as an employee for purposes of Title VII. But see Owens v. Rush, 654 F.2d 1370 (10th Cir.1981) (undersheriff was member of personal staff).
 
 
 11
 In summary, Nutt is an "employer" for purposes of Title VII, and, thus, he may be sued in his official capacity as Sheriff of Wayne County. We REMAND the case for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Employers are subject to Title VII only if they have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. Sec. 2000e(b)
 
 
 [2]
 See, e.g., Grant v. Lone Star Co., 21 F.3d 649 (5th Cir.), cert. denied, 115 S.Ct. 574 (1994); Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir.1993); Miller v. Maxwell's Int'l, 991 F.2d 583, 587-88 (9th Cir.1993), cert. denied, 114 S.Ct. 1049 (1994); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir.1991); Harvey v. Blake, 913 F.2d 226, 227-28 (5th Cir.1990); Padway v. Palches, 665 F.2d 965 (9th Cir.1982). Compare Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir.) (finding no Congressional intent of individual liability), cert. denied, 115 S.Ct. 666 (1994), with Paroline v. Unisys Corp., 879 F.2d 100, 104 (4th Cir.1989) (finding that supervisory employee was "employer"), vacated in part on other grounds, 900 F.2d 27 (4th Cir.1990)
 
 
 [3]
 Courts have cited Sixth Circuit cases for general support of both the majority and minority positions on this issue. None of these cited cases, however, deals directly with the question of individual liability under Title VII. For example, in Jones v. Continental Corp., 789 F.2d 1225, 1231 (6th Cir.1986), the court was deciding whether a Title VII suit was "vexatious" for purposes of attorney's fees, and stated: "the law is clear that individuals may be held liable ... as 'agents' of an employer under Title VII." The court in York v. Tennessee Crushed Stone Ass'n, 684 F.2d 360, 362 (6th Cir.1982), observed in dictum that a supervisory employee could be "sued in his official capacity as executive director, i.e. agent, of the [defendant]...." (emphasis added). See also Yates v. Avco Corp., 819 F.2d 630, 633 (6th Cir.1987) (noting that individual defendant did not appeal judgment against him); Romain v. Kurek, 772 F.2d 281, 283 (6th Cir.1985) (stating that individual defendant who was not named in EEOC charge should not have been dismissed if there was an "identity of interest" between him and corporate defendant)
 
 
 [4]
 Article 7, Section 1 provides in part: "The qualified voters of each county shall elect for terms of four years ... a Sheriff.... [His] qualifications and duties shall be prescribed by the General Assembly."