**Evangeline HUGHES**

v.

**Raymond ARVESON, et al.**

**Civil Action No. 94–2537–B.**

United States District Court,
M.D. Louisiana.

Jan. 25, 1996.

Cynthia N. Reed, Nunnery, Reed & Associates, Baton Rouge, LA, Willie J. Nunnery, Nunnery Law Office, Madison, WI, for Evangeline Hughes.

Mary Lenore Feeney, William A. Norfolk, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for Raymond Arveson, Raymond Bell, John Guilbeau, The State of Louisiana Department of Education.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

POLOZOLA, District Judge.

This matter is before the Court on the defendants' motion for summary judgment. For the reasons stated herein, the defendants' motion is granted.

### FACTS AND PROCEDURAL HISTORY

Evangeline Hughes filed this suit following her termination from the Louisiana Department of Education ("DOE"), where she was employed as an Education Bureau Administrator for the Job Training Partnership Act program ("JTPA"). On July 13, 1992, the DOE notified the plaintiff that she was being terminated because of willful neglect of duties and responsibilities in the operation of the JTPA. The letter specifically detailed the allegations of neglect. Hughes appealed her termination to the State Civil Service Commission and sought reinstatement with back pay and attorney's fees. After conducting a trial on the matter, a civil service referee ordered that Hughes be reinstated. The DOE appealed the referee's decision to the Commission. The Commission found that there was cause to demote the plaintiff

to a lower position[1] and to suspend her without pay from the date of her termination to the date she began her new position. Both sides appealed to the First Circuit Court of Appeal, which, on December 22, 1994, affirmed the findings of the Commission.

In October of 1994, the plaintiff filed the present suit alleging that her termination as an Education Bureau Administrator was the result of racial discrimination in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act.[2] The defendants filed a motion for summary judgment, contending that: (1) the section 1981 claim is prescribed; (2) the section 1981 claim and the Title VII claim against DOE are barred by *res judicata*; and, (3) the Title VII claims against Raymond Arveson, Raymond Bell, and John Guilbeau should be dismissed for failure to state a claim upon which relief can be granted because the individual defendants are not employers within the meaning of Title VII. The defendants argue, in the alternative, that the State Civil Service Commission maintains exclusive jurisdiction of the plaintiff's claims and that, under the Eleventh Amendment, DOE and the individual defendants in their official capacity are immune from suit on a section 1981 claim. Each of these issues will be discussed below.

### RES JUDICATA

■ The defendants argue that the claims against DOE are barred by *res judicata* because state administrative proceedings were held and culminated in a final judgment rendered by the First Circuit Court of Appeal. Federal courts must give state court judgments "the same full faith and credit ... as they have by law or usage in the courts of such state."[3] Thus, a "state judgment must be given the same *res judicata* effect in federal court that it would be given in the court of the rendering state."[4] The United States Supreme Court has established a two-part inquiry for determining whether to apply *res judicata* to a state court administrative proceeding. *Kremer v. Chemical Construction Corp.*[5] instructs courts to determine: (1) whether the law of the state in which the prior judgment is rendered would give that judgment preclusive effect against the claims asserted in the federal action; and (2) whether the party against whom preclusion is asserted had a full and fair opportunity in the state proceedings to litigate the claims.[6]

The Court must turn to Louisiana Revised Statutes 13:4231 to determine the preclusive effects of the claims asserted herein. Under this statute, "all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action."[7] Because the claims that form the basis of the present action arose out of the same transaction or occurrence as those litigated on the state level (the termination of Hughes as Education Bureau Administrator II), it is clear that the first prong of the test is met.

■ The next question is whether the minimum due process requirements were satisfied. The plaintiff was clearly authorized, under the State Civil Service Rules, to appeal her grievances involving alleged racial discrimination to the Commission. A review of the record reveals that the plaintiff was afforded a full and fair opportunity to litigate her claim of race discrimination before the Commission and the Louisiana state courts. The plaintiff now argues that because she did not raise the issue of race discrimination in

---

1. The Commission did not find cause for termination from employment altogether, and thus did not reverse the referee *in toto* as the defendants sought.

2. 42 U.S.C.A. §§ 2000e to 2000e–17 (West 1994). The plaintiff also alleged violations of 42 U.S.C. § 1983, but later dismissed those claims.

3. 28 U.S.C.A. § 1738 (West 1994).

4. *Welch v. Johnson*, 907 F.2d 714, 719 (7th Cir. 1990).

5. 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

6. *Kremer*, 456 U.S. at 481–82, 102 S.Ct. at 1896–97.

7. La.Rev.Stat.Ann. § 13:4231(2) (West 1991).

the state court proceedings, *res judicata* does not bar her federal discrimination claims. Whether or not the plaintiff took advantage of the procedures available to her is not determinative of the issue before the Court. The question the Court must decide is whether there were procedures available to satisfy due process requirements. The Court finds, as did the Seventh Circuit Court of Appeals in a factually similar case,[8] that the plaintiff was afforded a full and fair opportunity to litigate her claim of race discrimination. Because there is no failure of due process, and because state law would preclude the claims stated in the federal complaint under the "same transaction or occurrence" theory, this Court holds that the section 1981 and the Title VII claims against DOE are barred by *res judicata.*

## PRESCRIPTION OF SECTION 1981 CLAIM

■ The Court will now address the defendants' contention that the plaintiff's section 1981 claim has prescribed.[9] Section 1981 has no limitations period; therefore, the Court must rely on the applicable state statute of limitations.[10] Louisiana Civil Code article 3492 provides for a one-year prescriptive period for offenses or quasi-offenses. Thus, the plaintiff had one year from the offense in question to bring this action.

Hughes was demoted from her position as Education Bureau Administrator II on July 13, 1992. She did not file suit until October 11, 1994. Hughes alleges that because the effect of her demotion remains, continuing discrimination still exists which prevents her claim from being prescribed. The Fifth Circuit has set forth the following rule to apply in addressing the plaintiff's argument: "We must be careful not to confuse continuous violations with a single violation followed by continuing consequences; only continuous unlawful acts can form the basis of a continuous violation." [11] In *Taylor v. Bunge Corp.,*[12] the Fifth Circuit held that the statute of limitations for the discharge of an employee in an alleged violation of section 1981 commences to run from the date of discharge. Because the employee's claims mature at that time, the violation is not a continuing one.

■ In the present case, this Court likewise finds that the alleged violation occurred on the date of the plaintiff's discharge and that the violation is not continuous. Therefore, the section 1981 claim is barred under the applicable one-year prescriptive period.

## TITLE VII CLAIM AGAINST INDIVIDUAL DEFENDANTS

The individual defendants assert that the Title VII claims against them should be dismissed, arguing that supervisory personnel and individual agents of an employer cannot be held liable for damages under Title VII. It is clear that 42 U.S.C. § 2000e–2, which prohibits the discharge of an employee because of his race, only applies to employers. An "employer" is defined in 42 U.S.C. § 2000e as: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the

---

**8.** *Welch v. Johnson,* 907 F.2d 714 (7th Cir.1990) (holding that the fact that the plaintiff did not avail herself of the opportunity to litigate her discrimination claims before the Civil Service Commission and on administrative review in the state courts did not insulate her claims in federal court from the effects of *res judicata* ).

**9.** Although it is unnecessary to address this issue insofar as the DOE is concerned because of the Court's prior *res judicata* ruling, the Court must still determine whether the section 1981 claims against the other defendants are barred by the statute of limitations. Obviously, any ruling the Court makes on this issue would also apply in the alternative to the DOE.

**10.** *Page v. U.S. Industries Inc.,* 556 F.2d 346, 351–52 (5th Cir.1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978).

**11.** *McGregor v. Louisiana State Univ. Bd. of Sup'rs,* 3 F.3d 850, 867 (5th Cir.1993), *cert denied,* —— U.S. ——, 114 S.Ct. 1103, 127 L.Ed.2d 415 (1994). *See also Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1521 (5th Cir.1993) ("[A] mere perpetuation of the effect of time-barred discrimination does not constitute continuous discrimination.")

**12.** 775 F.2d 617, 619 (5th Cir.1985).

current or preceding year, and any agent of such person."[13]

The Fifth Circuit has held that "individuals who do not otherwise qualify as an employer cannot be held liable for a breach of [T]itle VII."[14]  The plaintiff contends that the individual defendants Guilbeau, Arveson and Bell are agents of DOE and thus liable under Title VII.  There are two problems with this argument.  First, the plaintiffs have not produced evidence in support of this contention.  Therefore, the plaintiff's contention is nothing more than a conclusory allegation which is insufficient to defeat summary judgment.  Furthermore, even if the plaintiffs could show that the individual defendants were agents of DOE, the plaintiff's suit against them would still be in their official capacity.[15]  This Court has herein determined that the claims against DOE are precluded by *res judicata*.  Framing the allegation against the individual defendants does not allow the plaintiff to create a cause of action where one does not exist.  Because Title VII does not provide for the personal liability of public officials,[16] the Title VII claim against the individual defendants must be dismissed.

### CONCLUSION

The Court, for reasons set forth above, finds that the Title VII and section 1981 claims against DOE and the individual defendants must be dismissed.[17]

Therefore:

**IT IS ORDERED** that the defendants' motion for summary judgment be and it is hereby **GRANTED.**

Judgment shall be entered dismissing the plaintiff's suit with prejudice.

---

**13.**   42 U.S.C.A. § 2000e(b) (West 1994).

**14.**   *Grant v. Lone Star Co.,* 21 F.3d 649, 653 (5th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994).

**15.**   *See Harvey v. Blake,* 913 F.2d 226 (5th Cir. 1990).

**16.**   *Harvey,* 913 F.2d at 227–28.

**17.**   It is thus unnecessary to address the additional alternative arguments made by the defendants.