**Sharline BLANKENSHIP, Plaintiff,**

v.

**BMI REFRACTORIES, et al., Defendant.**

No. C–1–96–623.

United States District Court,
S.D. Ohio,
Western Division.

March 14, 1997.

James H. Banks, Dublin, OH, for Plaintiff.

Rosemary Doreen Canton, Cincinnati, OH, Carole S. Katz, Cincinnati, OH, for Defendant.

*MEMORANDUM and ORDER*

BECKWITH, District Judge.

Plaintiff initiated this action in August 1996 by filing a complaint against her former employer, BMI Refractories, and her former supervisor, David Knowlton. In the complaint, Plaintiff asserted claims of sex and age discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.;* the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.;* and Ohio Revised Code ("O.R.C.") § 4112.02, *et seq.* Plaintiff also asserted a claim under Ohio common law for intentional infliction of emotional distress. This matter is now before the Court upon Defendants' motion to dismiss the complaint, in part, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants contend that Plaintiff's Title VII and ADEA claims against Defendant Knowlton are subject to dismissal inasmuch as the law does not recognize claims for sex and age discrimination under those statutes against a supervisor or manager in his or her individual capacity. Defendants further contend that Plaintiff's claim of age discrimination under O.R.C. § 4112.02 is subject to dismissal in that the applicable statute of limitations had run prior to Plaintiff's filing suit.

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. In its consideration of a motion to dismiss under Rule 12(b)(6), the Court is required to construe the complaint in the light most favorable to the Plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) and *Roth Steel Products v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983). The Court will not, however, accept conclusions of law or unwarranted inferences that are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir.1971). The Court will make all reasonable inferences that might be drawn from the complaint. *Fitzke v. Shappell,* 468 F.2d 1072, 1076–77 n. 6 (6th Cir.1972). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Plaintiff concedes, in her memorandum in opposition to Defendants' motion, that the statute of limitations applicable to claims of age discrimination under O.R.C. § 4112.02 had run prior to her initiating this action. She concedes that her state law age discrimination claim is subject to dismissal. Accordingly, Defendants' motion to dismiss Plaintiff's claim of age discrimination in violation of O.R.C. § 4112.02 is hereby GRANTED.

■ As regards Plaintiff's claims of age and sex discrimination under Title VII and the ADEA against Defendant Knowlton, Defendants' motion raises the issue of whether a supervisor or manager qualifies as an "employer" for purposes of these statutes, thereby incurring liability in his or her individual capacity for any violation of the statutes. The United States Court of Appeals for the Sixth Circuit has not squarely addressed the issue of individual liability under these statutes. Accordingly, the Court must look to the language and the liability structure of the statutes to determine whether liability against supervisors and managers in their individual capacities is appropriate. The Court concludes that it is not.

The majority of circuit courts that have addressed the issue of individual liability have arrived at the conclusion that individual liability is not created by a supervisor's or manager's actions in violation of the statute. *See, e.g., Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir.1993); *Miller v. Maxwell's International, Inc.,* 991 F.2d 583, 587–88 (9th Cir.1993), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Busby v. Orlando,* 931 F.2d 764, 772 (11th Cir. 1991); *Harvey v. Blake,* 913 F.2d 226, 227–28 (5th Cir.1990). Of those circuit courts, the Ninth Circuit in *Miller* has engaged in the most thorough analysis. While other circuit courts have simply stated the bald assumption that individual liability was not intended, the Ninth Circuit has provided additional rationale.

In *Miller,* the Ninth Circuit Court of Appeals concluded that the statutory scheme indicates that Congress did not intend to impose individual liability. In support of this conclusion, the court noted that since the enactment of the Civil Rights Act of 1991, Congress permitted compensatory and punitive damages for intentional discrimination. *Miller,* 991 F.2d at 588 n. 2. However, "Congress specifically limited the damages available depending upon the size of the respondent employer." *Id.* Therefore, the court observed that "if Congress had envisioned individual liability ... for compensatory or punitive damages, it would have included individuals in [its] litany of limitations and would have discontinued the exemption for small employers." *Id.*

The circuit court decisions that are most often cited for the opposing position have been superseded, if not overruled, by the

courts that issued them. The Court refers to the decision of the Fourth Circuit Court of Appeals in *Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir.1989), which has been superseded in that circuit by *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir.), *cert. denied*, 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994). Another frequently cited decision is that of the Eleventh Circuit Court of Appeals in *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311 (11th Cir. 1989), which has been superseded in that circuit by *Smith v. Lomax*, 45 F.3d 402, 403–04 (11th Cir.1995).

Plaintiff cites the decision of another judge of this Court in *Johnson v. University Surgical Group Associates of Cincinnati*, 871 F.Supp. 979 (S.D.Ohio 1994), as one of the most notable exceptions to the majority position. There, the court relied upon the use of the word "agent" in the definition of employer and concluded that Congress intended to impose liability upon individual supervisors. The court also expressed its own policy of allowing individual capacity suits to go the jury.

This court is not persuaded that the use of the word "agent" in the definition of employer is dispositive of the issue. In light of the most sensible interpretation of the statutory framework as a whole, the Court can only conclude that the word "agent" implies that suits against individuals in their *official* capacities are permissible. For those reasons, Defendants' motion to dismiss Plaintiff's Title VII and ADEA claims against Defendant Knowlton is hereby GRANTED.

The Ohio Supreme Court has held that O.R.C. § 4112.02 is generally to be construed in accordance with interpretations of Title VII. *See Plumbers & Steamfitters Joint Apprenticeship Committee v. Ohio Civil Rights Commission*, 66 Ohio St.2d 192, 196, 421 N.E.2d 128 (1981). Plaintiff has not articulated a basis for a conclusion that her claims against Defendant Knowlton under O.R.C. § 4112.02 should survive the dismissal of her claims against Defendant Knowlton under Title VII and the ADEA. For that reason, and those set forth above, Defendants' motion to dismiss, in part, pursuant to Rule 12(b)(6) (Doc. 5) is hereby **GRANTED**.

**IT IS SO ORDERED.**