June BROWN, Plaintiff,

v.

ST. JOSEPH'S HOSPITAL AND HEALTH CENTER, and Kathye Griffin, Defendants.

No. 3:97–CV–67.

United States District Court,
E.D. Texas,
Paris Division.

March 11, 1998.

Michael Douglas Mosher, David Christian Read, Michael D. Mosher & Assoc., Paris, TX, for plaintiff.

John Alexander Ferguson, Jr., James H. Kizziar, Jr., Wells Pinckney & McHugh, PC, San Antonio, TX, for St. Joseph's Hospital and Health Center.

Gary Duane Young, McLaughlin Hutchison & Hunt, Paris, TX, for Kathye Griffin.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT KATHYE GRIFFIN'S MOTION TO DISMISS

SCHELL, Chief Judge.

This matter is before the court on Defendant Kathye Griffin's ("Griffin") Motion to Dismiss, filed on January 8, 1998. Plaintiff June Brown ("Brown") filed no response to Griffin's motion. Upon consideration of the motion and applicable law, the court is of the opinion that the motion should be GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

Brown filed this "sexual" and "retaliatory" harassment cause of action on November 12, 1997, pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000(e) et seq. Brown, a former employee of St. Joseph's Hospital and Health Center ("St.Joseph's"), alleges that on or around September, 1995, the charge nurse, Griffin, began

making unwelcome sexual advances toward her. *See* Pl.'s Original Compl. at 2. Brown asserts that, despite her efforts to defray the activity by alerting her supervisors, the unwelcome advances continued until February or March of 1996. *Id.* In addition, it is Brown's contention that she was continually given a heavier workload in retaliation for her refusal to submit to Griffin's advances. *Id.* Brown maintains that she was compelled to resign on November 15, 1996, as a result of Griffin's ongoing improper behavior and St. Joseph's failure to curtail it. *Id.*

In support of her motion, Griffin argues that, even if a position as "charge nurse" enabled her to act as Brown's immediate supervisor during the period in question, individual employees may not be held personally liable for damages under Title VII. *See* Def.'s Mot. to Dismiss at 2. Griffin contends that she can only be held liable in her official capacity as an agent of St. Joseph's Hospital and Health Center. *Id.* As a result, Griffin maintains that Brown's claims against her individually are not based on any cognizable legal theory and should be dismissed.

## II. STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

Rule 12(b)(6) provides that a party may move a court to dismiss an action for "failure to state a claim upon which relief can be granted." On motion under Rule 12(b)(6), the court must decide whether the facts alleged, if true, would entitle the plaintiff to some legal remedy. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Dismissal is proper only if there is either (1) "the lack of a cognizable legal theory" or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). The court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn from them. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). The well-pleaded facts must be reviewed in the light most favorable to the plaintiff. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995). A plaintiff, however, must allege specific facts, not conclusory allegations. *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). Conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992).

A pleading "need not specify in exact detail every possible theory of recovery—it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thrift v. Estate of Hubbard*, 44 F.3d 348, 356 (5th Cir.1995) (quoting *Conley*, 355 U.S. at 47). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46; *Kaiser Aluminum*, 677 F.2d at 1050. "'The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Id.* at 1050 (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (1969)).

## III. DISCUSSION

Title VII prohibits an "employer" from discriminating against any employee or applicant on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e–2. An "employer" for purposes of Title VII includes any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and *any agent* of such a person . . . ." *Id.* § 2000e(b) (emphasis added). In construing this definition, the term "any agent" should be accorded a liberal construction. *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir.1990). Under such liberal construction, the Fifth Circuit in *Harvey* held that immediate supervisors are "employers" when delegated the traditional rights of an employer, such as hiring and firing. *Id.* However, a supervisor may only be deemed an "agent" of the employer when he is acting in his official capacity. *Id.* at 227–28. As a result, a plaintiff may seek recovery against such an agent only in his "official," rather than his "individual," capacity. *Id.* at 228. The purpose of the "agent" provision of sec-

tion 2000e(b) was not to recast supervisory personnel as "employers" for purposes of imposing individual or personal liability, but rather to incorporate *respondeat superior* principles into Title VII. *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir.1994), *cert. denied*, 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir.1993), *cert. denied*, 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994). Indeed, the proper method for a plaintiff to recover under Title VII is to sue the employer by either naming the supervisory employee as agent of the employer or by naming the employer directly. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991).

In the present case, Brown filed her lawsuit against both St. Joseph's and Griffin alleging violations of Title VII. *See* Pl.'s Original Compl. at 1. For analysis purposes, the court assumes *arguendo* that Griffin was St. Joseph's agent and, therefore, fit within the definition of "employer" under Title VII. Even assuming these facts as true, precedential case law and the structure of Title VII prohibits this court from holding Griffin personally liable for violations of the statute in this instance.[1] Under this analysis, however, Brown may still pursue her cause of action against St. Joseph's for the alleged violations of Title VII on the part of Griffin.

Although Brown may not hold Griffin liable in her individual capacity under Title VII, the court notes that private employees may still be liable for violations of state tort and contract law. *See Grant v. Lone Star Co.*, 21 F.3d 649, 651 n. 3 (5th Cir.1994), *cert. denied*, 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994). In the present case, Brown has also pled for the recovery of damages under a theory of intentional infliction of emotional distress. *See* Pl.'s Original Compl. at 4. The court finds nothing in the composition or interpretation of Title VII which prohibits Brown from asserting this claim against Griffin individually.

1. The court notes that Brown's allegations focus solely on Griffin's activities while engaged as "charge nurse" at St. Joseph's. *See* Pl.'s Original Compl. at 2–3. Brown's complaint does not

### IV. CONCLUSION

For the foregoing reasons, the court is of the opinion that Griffin's motion should be GRANTED IN PART and DENIED IN PART. Under established Fifth Circuit precedent, an individual employee, even while acting in a supervisory capacity, may not be held personally liable under Title VII. Therefore, the court holds that Griffin's motion, as it pertains to Brown's Title VII claims, is GRANTED. Although Brown may not hold Griffin individually liable for Title VII violations, the court finds that the statute does not prevent Brown from asserting her state law claim for intentional infliction of emotional distress. Therefore, the court holds that Griffin's motion, as it pertains to this claim, is DENIED. It is so ORDERED.

allege facts which would indicate that Griffin in any way qualifies as an "employer" for purposes of the statute other than as an agent of St. Joseph's. *Id.*