**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT L. CUTTS; JABAR SHABAZZ,
Plaintiffs-Appellees,

and

GWENDOLYN B. BELL,
Plaintiff,

v.

CARL R. PEED, Sheriff of Fairfax
County Virginia, in his individual
and official capacity,
Defendant-Appellant,

and

No. 00-1071

SHERIFF'S DEPARTMENT, for the
County of Fairfax, Virginia; JAMES
A. VICKERY, Chief Deputy Sheriff,
The Sheriff's Department for the
County of Fairfax, Virginia, in his
individual and official capacity;
LARRY GERBER, Captain of
Confinement, The Sheriff's
Department for the County of
Fairfax, Virginia, in his individual
and official capacity,
Defendants.

ROBERT L. CUTTS; JABAR SHABAZZ;
GWENDOLYN B. BELL,
Plaintiffs-Appellants,

v.

CARL R. PEED, Sheriff of Fairfax
County Virginia, in his individual
and official capacity; JAMES A.
VICKERY, Chief Deputy Sheriff, The
Sheriff's Department for the County
of Fairfax, Virginia, in his
individual and official capacity;                      No. 00-1194
LARRY GERBER, Captain of
Confinement, The Sheriff's
Department for the County of
Fairfax, Virginia, in his individual
and official capacity,
Defendants-Appellees,

and

SHERIFF'S DEPARTMENT, for the
County of Fairfax, Virginia,
Defendant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-99-689-A)

Argued: December 4, 2000

Decided: August 24, 2001

Before WIDENER and MOTZ, Circuit Judges, and
Robert E. PAYNE, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

2

No. 00-1071 affirmed and No. 00-1194 dismissed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** John J. Brandt, James R. Parrish, BRANDT, JENNINGS, ROBERTS, DAVIS & SNEE, P.L.L.C., Falls Church, Virginia, for Appellant. Tim Schulte, Thomas Hunt Roberts, THOMAS H. ROBERTS & ASSOCIATES, P.C., Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

This appeal and cross-appeal concern claims of employment discrimination in violation of 42 U.S.C. § 1981 (1994), hostile work environment in violation of 42 U.S.C. § 2000e(b) (1994), and retaliation in violation of 42 U.S.C. §§ 1983 (1994) and 2000e-3 (1994). African-American Fairfax County deputy sheriffs Robert Cutts, Jabar Shabazz, and Gwendolyn Bell sue Sheriff Carl R. Peed in his individual and official capacity on all counts; they join as defendants in the employment discrimination claim two other officials in the Sheriff's office. The district court granted Sheriff Peed summary judgment on all retaliation claims, except Cutts's and Shabazz's claims of retaliatory discharge. The court also granted summary judgment to all defendants on all employment discrimination and hostile work environment claims. Sheriff Peed now appeals and the deputies cross-appeal. We affirm the denial of summary judgment appealed by Sheriff Peed and dismiss the cross-appeal.**1**

_____

**1** Because the district court set forth the underlying facts in detail, we need only refer to them as necessary in the legal discussion that follows.

3

I.

We first address the retaliation claims. The deputies have alleged two categories of retaliation claims. We consider each in turn.

A.

In Counts IV through VI, the deputies state claims under § 1983 alleging that the Sheriff violated the First Amendment by firing them for legitimate speech on a matter of public concern. In assessing whether the Sheriff is, as he maintains, entitled to qualified immunity, we must first determine whether the deputies have alleged a violation of constitutional rights. For a public employee to state a claim for retaliation under the First Amendment (1) the employee must speak as a citizen on a matter of public concern, (2) the employee's interest in speaking on the matter must outweigh the government's interest in providing effective and efficient services to the public, (3) the employee must be "adversely affected" by the alleged retaliation in a manner that "tend[ed] to chill his . . . First Amendment rights" and (4) the speech must be a "substantial factor in the decision to take the allegedly [adverse] retaliatory action." Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 351-52 (4th Cir. 2000).

Ascertaining whether a matter is of public concern requires examination of the "content, form, and context" of the statement. Connick v. Myers, 461 U.S. 138, 147-48 (1983); Goldstein, 218 F.3d at 352. Although internal employment matters are not matters of public concern, see Goldstein, 218 F.3d at 352, statements to the public, like those at issue here, involving purported fraud and racial discrimination in a law enforcement agency, indisputably do constitute matters of public concern. See id. at 353 (statements regarding public safety are "quintessential matters of public concern"); Robinson v. Balog, 160 F.3d 183, 188 (4th Cir. 1998) (speech seeking to bring to light "actual or potential wrongdoing or breach of public trust" is speech on a matter of public concern); Cromer v. Brown , 88 F.3d 1315, 1326 (4th Cir. 1996) (allegations of racial discrimination within law enforcement agency are matters of "serious public import").**2**
_____
**2** Sheriff Peed incorrectly characterizes the issue as whether the deputies had a First Amendment right to "make knowingly false or reckless

4

Because the deputies' speech involves a matter of public concern, we turn to the question of whether their interest in making those statements outweighed Sheriff Peed's interest in managing the internal affairs of his office. The Sheriff contends that the undisputed facts demonstrate that he was justified in taking all of the challenged actions -- including discharging Cutts and Shabazz-- to protect his office's efficiency from the disruption caused by the deputies' complaints. Undoubtedly, charges of racial discrimination may impinge upon the harmony among co-workers or interfere with the operation of a sheriff's office. The record here, however, provides little evidence that this actually occurred, or that the racially charged environment in the sheriff's office stemmed from these employees' remarks rather than other people or events.

An employer wishing to defend against specific allegations of impermissible retaliation must present evidence that the speech triggering his actions <u>actually</u> interfered with the functioning of his office, and may not merely assert a "generalized and unsubstantiated" interest against disruptions. <u>Goldstein</u>, 218 F.3d at 356; <u>Robinson</u>, 160 F.3d at 189. The Sheriff has put forth only speculative and unsubstantiated charges of office disruption. Moreover, the government's interest in efficiency generally bears more weight than an employee's interest in commenting on matters of public concern only when the employee-speaker is an agency-head or is in a policy making position. <u>See McVey v. Stacy</u>, 157 F.3d 271, 278-79 (4th Cir. 1998). The deputies were low ranking law enforcement officers without policy making authority. Accordingly, at this juncture, the deputies have alleged sufficient facts to satisfy the second prong of a retaliation claim.

As to the third and fourth prongs, that the speech was a substantial factor resulting in an adverse action tending to chill First Amendment rights, we agree with the district court that the discharges of Cutts and Shabazz are the only truly adverse actions giving rise to retaliation

_____

statements about racial issues." In determining whether a right is clearly established for the purposes of qualified immunity"a court examines the facts alleged <u>by the plaintiff</u>, not those asserted by the defendant." <u>Buonocore v. Harris</u>, 65 F.3d 347, 357 (4th Cir. 1995). "[D]efendants cannot demonstrate that . . . allegations do not state a violation of clearly established law simply by substituting their own version of the facts." <u>Id.</u>

5

claims. To constitute actionable retaliation, conduct must adversely impact First Amendment rights. See Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000). De minimis actions do not constitute adverse action for purposes of a First Amendment retaliation claim. Id. at 686.

We must next determine whether the Sheriff is nonetheless entitled to qualified immunity on the retaliatory discharge claims. He is not entitled to such immunity if (1) the violation of the deputies' constitutionally protected rights was clearly established at the time of the challenged acts and (2) a reasonable official would have understood that his conduct violated that clearly established law. See Henderson v. Simms, 223 F.3d 267, 271 (4th Cir. 2000). In this case, the law was clearly established; Connick and its balancing test were the law long before 1998 when the challenged conduct took place. Moreover, we agree with the district court that, if the deputies are able to prove their allegations, this is the rare case in which a reasonable official in the Sheriff's position would have understood that such conduct violated clearly established law. Accordingly, we affirm the district court's refusal to grant Sheriff Peed summary judgment on qualified immunity grounds on Cutts's and Shabazz's retaliatory discharge claims alleged in Counts IV through VI of their complaint. Likewise, we affirm the grant of summary judgment on qualified immunity grounds on their other retaliation claims and on all retaliation claims asserted by Bell, who was never discharged.

B.

In Count III, the deputies alleged that, by retaliating against them for protected activity, the Sheriff also violated Title VII. Although this claim is similar to the § 1983 claims, contrary to the parties' apparent belief, the Sheriff is entitled to qualified immunity only with respect to the claims brought under § 1983; there is no qualified immunity from liability under Title VII. See, e.g., Genas v. New York Dep't of Correctional Servs., 75 F.3d 825, 829 n.3 (2d Cir. 1996); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); Harvey v. Blake, 913 F.2d 226, 228 (5th Cir. 1990). Thus, summary judgment on the basis of qualified immunity would be improper as to the Title VII claim set forth in Count III. Accordingly, we affirm the district

6

court's refusal to grant qualified immunity on this claim, albeit for different reasons than those relied on by the district court.

II.

We next address the deputies' cross-appeal in which they contend that the district court erred in granting summary judgment on their employment discrimination claims (Court I) and hostile environment claims (Count II). We refuse to exercise disfavored pendent appellate jurisdiction to consider the cross-appeal; we note that the issues involved in the cross-appeal are not "inextricably intertwined" with the appealable order. Swint v. Chambers County Comm'n, 514 U.S. 35, 51 (1995); see also Armijo v. Wagon Mound Public Schs., 159 F.3d 1253, 1265 (10th Cir. 1998) (refusing to exercise pendent appellate jurisdiction to consider cross-appeal in case in which proper interlocutory appeal on qualified immunity is before the court); Erickson v. Holloway, 77 F.3d 1078, 1081 (8th Cir. 1996) (same); Woods v. Smith, 60 F.3d 1161, 1167 (5th Cir. 1995) (same). We therefore dismiss the cross-appeal.

III.

In sum, we affirm the district court's judgment denying qualified immunity to Sheriff Peed on Cutts's and Shabazz's retaliation claims under § 1983, which are set forth in Counts IV through VI of the complaint, and on the retaliation claim under Title VII, which is set forth in Count III. We dismiss the deputies' cross-appeal as to the district court's judgment on Counts I and II.

No. 00-1071 - AFFIRMED

No. 00-1194 - DISMISSED

7