IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60504
Summary Calendar
_____

TROY T. REDMOND,

Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS; JAMES ANDERSON; WOOD
BROWN; FRED CHILDS; DAVID FONDREN; JOHN HALTOM,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-176-WS
--------------------
October 29, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Troy T. Redmond ("Redmond") appeals the summary judgment for the defendants on Redmond's complaint asserting race discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, § 1983, and § 1985, in connection with his termination from employment with the Mississippi Department of Corrections ("MDOC"). Redmond argues that the district court erred in limiting discovery to issues of the defendants' qualified immunity and in denying his discovery requests and that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in determining that the defendants' asserted reason for terminating Redmond was not a pretext for race discrimination.

The district court did not plainly err in limiting discovery. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). Although the doctrine of qualified immunity does not apply to Redmond's Title VII discrimination claims, see Harvey v. Blake, 913 F.2d 226, 227 (5th Cir. 1990), Redmond has not shown that any discovery would have uncovered substantial fact issues with which he could have opposed the summary judgment motion. See Willamson v. United States Dep't of Agric., 815 F.2d 368, 373 (5th Cir. 1987).

Redmond's summary-judgment evidence did not counter the defendants' evidence that Redmond's termination was motivated by his assault on a MDOC hearing officer and other misconduct, not by discriminatory animus. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-508 (1993). The defendants thus were entitled to judgment on Redmond's Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1985 discrimination claims. Further, to the extent that Redmond sued the defendants in their individual capacities under 42 U.S.C. § 1983, the absence of an underlying constitutional or statutory violation is fatal to such claims. See Johnston v. Harris County Flood Control Dist., 869 F.2d 1565, 1573 (5th Cir. 1989).

AFFIRMED.