NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0052n.06

Case No. 23-3609

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| LISA DENUNZIO BLAIR, | ) | |
| Plaintiff-Appellant, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| MICHELLE NICOLE FRENCHKO; | ) | OHIO |
| TRUMBULL COUNTY BOARD OF | ) | |
| COMMISSIONERS, | ) | OPINION |
| Defendants-Appellees. | ) | |
| | ) | |

Before: GILMAN, McKEAGUE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Lisa Blair claims that her employer, the Trumbull County Board of Commissioners, created a hostile work environment. But Blair hasn't shown that one Board member's isolated actions should be attributed to the Board as a whole. Thus, we affirm the district court's dismissal of her claim.

I.

Lisa Blair is a clerk for the Trumbull County Board of Commissioners. Her work environment changed when Commissioner Michelle Frenchko was elected to the three-member Board. According to Blair, Frenchko harassed Blair because of her Italian-American heritage. On social media, for example, Frenchko referred to the Commission's staff as "flying monkeys."

R. 24, Pg. ID 205. She also referred to Italian-American employees as "greasy" "sausage makers" and compared them to characters in *The Godfather*. *Id.*

When Blair and other employees complained, Frenchko doubled down. She continued to criticize Blair on social media and accused Blair of lying. She sent harassing emails to Blair and other employees. And when Blair applied for a promotion within the department, Frenchko voted against her. But because the other two Board members voted to hire Blair, she got the job. Eventually, the County's Human Resources Department investigated Blair's complaints against Frenchko, concluding that they were meritorious.

After HR finished its investigation, Blair sued Frenchko and the Board, claiming Frenchko's discrimination created a hostile work environment in violation of Title VII. She also alleged state-law claims for defamation and intentional infliction of emotional distress. The district court granted the Board's motion for judgment on the pleadings, concluding that the Board wasn't liable for Frenchko's non-supervisory actions. And it dismissed Blair's individual-capacity claims against Frenchko because Title VII doesn't allow claims against individuals. The district court declined to exercise supplemental jurisdiction over Blair's remaining state-law claims. Blair now appeals her Title VII claim.

II.

Title VII provides a remedy when "employer[s]" create a hostile workplace by engaging in discriminatory behavior. 42 U.S.C. § 2000e-2(a). The Board is Blair's employer. So to prevail, Blair must show that the Board is responsible for Frenchko's behavior. *Kuhn v. Washtenaw County*, 709 F.3d 612, 627 (6th Cir. 2013). There are three ways that Blair may do so. She may show: (1) the Board itself created the hostile environment; (2) Frenchko acted as the Board's agent, and the Board is vicariously liable for her actions; or (3) the Board negligently allowed

Frenchko to behave in a hostile manner. 42 U.S.C. §§ 2000e(b), 2000e-2(a)(1); *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013). Blair argues the first two. Neither argument succeeds.

A.

Start with direct liability. An employer is directly responsible for discrimination when the employer itself "acts with tortious intent." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 758 (1998). Blair argues that the Board acted tortiously because Frenchko acted tortiously, Frenchko is a member of the Board, and thus all Frenchko's actions are Board actions.

Our caselaw forecloses this reasoning. A board is directly liable for an individual member's discriminatory intent only when that member is the deciding cause of board action. *See, e.g.*, *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 262–63 (6th Cir. 2006) ("But for" cause). Thus, since the Board must act by majority vote, Frenchko's discriminatory intent can be imputed to the Board only when she casts a decisive vote in favor of an adverse action. *Cf. Doe v. Claiborne Cnty. Ex rel. Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 511 (6th Cir. 1996). Blair fails to allege that the Board took *any* adverse action against her—much less one in which Frenchko cast the critical vote. So the Board isn't directly liable for Frenchko's alleged misconduct.

B.

Blair also can't establish vicarious liability. To do so, she must show that Frenchko discriminated in Frenchko's capacity as the Board's agent—specifically, as the supervisor of the Board's employees. *See Kauffman v. Allied Signal, Inc., Autolite Div.*, 970 F.2d 178, 183, 185 (6th Cir. 1992); *Pierce v. Commonwealth Life Ins.*, 40 F.3d 796, 803 (6th Cir. 1994), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 148 (2000). A supervisor can hire, fire, or otherwise "significant[ly] change" an employee's status. *See Ellerth*, 524 U.S. at

761. Frenchko therefore qualifies as a supervisor only if she can take "tangible employment actions" against other employees. *Vance*, 570 U.S. at 424.

Frenchko lacks that authority. For one, Blair never alleges that Frenchko alone had the power to fire her or take any other tangible employment action. And the alleged facts suggest otherwise. For instance, when Blair applied for a promotion, Frenchko voted against her, but Blair received the job anyway. That's because Frenchko didn't have unilateral power to deny Blair's promotion—only the Board as a whole did. Moreover, after investigating Frenchko's behavior, HR concluded that Frenchko wasn't a "department head or other management," again suggesting that Frenchko isn't Blair's supervisor. R. 24, Pg. ID 207; *see also Pierce*, 40 F.3d at 803. So the Board isn't liable for Frenchko's actions under an agency theory, either.[1]

Blair offers three arguments in response. None succeeds.

First, Blair argues that she has properly alleged an agency relationship. She notes that "employees follow the orders of the board members." Reply Br. 5. And since she's an employee, she had to obey Frenchko's orders. But Supreme Court precedent forecloses this argument. In *Vance*, the Supreme Court considered—and rejected—the argument that a "supervisor" is anyone with the "ability to exercise significant direction over another's daily work." 570 U.S. at 431. Instead, under Title VII, a supervisor must have authority to bind her employer as an agent. That

---

[1] Granted, an employee need not have exclusive power over hiring and firing to qualify as a supervisor. For example, an employee might be a supervisor even if she requires the approval of higher-ups before making a firing decision. *See, e.g.*, *Durham Life Ins. v. Evans*, 166 F.3d 139, 154–55 (3d Cir. 1999); *Velazquez-Perez v. Devs. Diversified Realty Corp.*, 753 F.3d 265, 272 (1st Cir. 2014). The key question is whether an employer has granted enough authority to an employee to make that employee its agent. We have held that an individual's "ability to influence [the decisionmaker] does not suffice to turn [that individual] into his victims' supervisor." *EEOC v. AutoZone, Inc.*, 692 F. App'x 280, 283 (6th Cir. 2017) (collecting cases). So when higher-ups conduct their own evaluations and make their own independent decisions, they aren't liable for the discriminatory intent of a subordinate who merely influenced the decision process. *See Clack v. Rock-Tenn Co.*, 304 F. App'x 399, 405 (6th Cir. 2008) (per curiam). Here, the Board outvoted Frenchko and promoted Blair anyway. Thus, Frenchko's "ability to influence" the Board's decisions isn't enough to make her the Board's agent. *AutoZone*, 692 F. App'x at 283.

authority is greater than the mere power to direct day-to-day operations. Blair alleges only that Frenchko can direct her daily work. Because we're bound by Supreme Court precedent, that doesn't suffice.

Second, Blair points to three out-of-circuit opinions to show that members of governmental boards can be agents of those boards. *See Harvey v. Blake*, 913 F.2d 226, 228 (5th Cir. 1990); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam); *Clanton v. Orleans Par. Sch. Bd.*, 649 F.2d 1084, 1094 n.13 (5th Cir. 1981). It's true that board members *can* serve as agents of the board itself. But in all three of these cases, that agency relationship was not in question. *See Clanton*, 649 F.2d at 1086–87 (direct liability for official Board policy); *Harvey*, 913 F.2d at 227 (supervisor); *Busby*, 931 F.2d at 770 (supervisors who fired plaintiff). Those cases don't help here because Blair hasn't alleged any facts—other than those that we've already explained are insufficient—showing that Frenchko was the Board's agent.

Third, Blair points out that she's suing the Board as a whole, and the Board *does* have supervisory authority. But, as discussed above, the Board didn't itself create the hostile work environment. So it's liable only if Frenchko's individual actions can be attributed to the Board. And we've already explained they can't.

\*     \*     \*

Title VII doesn't provide a remedy for every wrong. Because Blair failed to allege facts showing that the Board can be held liable for its member's conduct, the district court properly dismissed her Title VII claim. We affirm.